UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

H5 Transport, LLC                                         Bankr. No. 25-30409

Debtor.                                                   Chapter 11

**OBJECTION TO MOTION OF DEBTOR-IN-POSSESSION FOR APPROVAL OF POST-PETITION FINANCING PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

Mary R. Jensen, Acting United States Trustee for Region 12 ("UST"), objects to the motion of Debtor-in-Possession for approval of post-petition financing pursuant to Section 363 of the Bankruptcy Code. In support of her objection, she states the following:

1. The motion appears to seek authorization to enter into a post-petition financing agreement and provide a lien in receivables (and perhaps additional collateral) to TBC. The motion does not specify whether any other parties hold a lien in that collateral, or whether any of those parties would have their liens primed by a new lien in favor of TBC.[1] The

---

[1] The motion does state that there are "no priming liens" but it also states that TBC "takes only what it purchases." Those statements are ambiguous, and the motion does not clarify if the financing is being offered on a secured or unsecured basis. The underlying pre-petition agreement, which has not yet been filed with the Court, suggests that TBC intends to take a security interest in all assets of the debtor.

debtor's schedules, however, indicate that the following creditors have liens in various assets owned by the debtor, including accounts receivable: (1) Advance Business Capital, LLC; (2) Starion Bank; and (3) U.S. Small Business Administration. The motion also fails to set forth any efforts made to obtain unsecured credit allowable as an administrative expense under Section 503(b)(1), as required by Section 364(c). To the extent that the debtor seeks authorization to grant post-petition liens in its collateral to TBC, it must make a showing that it is unable to obtain unsecured credit allowable under Section 503(b)(1).

2. In the alternative, if the debtor seeks to prime other secured creditors pursuant to Section 364(d), the debtor must make a showing that it is unable to obtain credit otherwise. Again, the debtor's motion does not indicate what efforts it has made to obtain credit prior to filing this motion. The motion also does not purport to provide any form of adequate protection to senior lenders, if any.

3. Although the debtor did provide the UST with a copy of Exhibit A, which is the pre-petition Factoring Agreement, the debtor has not yet filed Exhibit A with the Court. Creditors and other parties in interest need to be provided with a copy of the agreement. *See* Fed. R. Bankr. P. 4001(c)(1)(A). Without a copy of the lending agreement that the debtor seeks to enter into, the Court cannot grant the motion.

4. Similarly, the debtor's motion does not comply with Fed. R. Bankr. P. 4001(c)(1)(B), which requires the motion to identify certain provisions in the lending agreement, including whether the lender is seeking a grant of priority or a lien on property of the estate under § 364(c) or (d), adequate protection, limitations on claims held by the trustee, indemnification provisions, and other key terms.

5. To the extent that the agreement provided to the UST is in fact the agreement for which the debtor seeks approval, the UST lodges the following objections:

   a. Paragraph 11.1—Events of Default. This provision provides that bankruptcy is an event of default, and it should be removed from the agreement.

   b. Paragraph 15—Indemnification. This provision appears to be overly broad because it absolves the creditor of liability for all claims, including intentional torts or gross negligence. This provision should be modified.

   c. Paragraph 17—Attorney's Fees: Expenses. This provision is inappropriate because it purports to obligate the bankruptcy estate for attorney fees without any opportunity to review the reasonableness of the fees and expenses, including any attorney fees incurred "in . . . connection with any federal . . . insolvency

      proceeding commenced by or against Client." It should be stricken from the agreement.

      d. Paragraph 22—Venue. This provision is inappropriate because it limits or eliminates the Court's jurisdiction over any dispute arising from the agreement. The debtor may agree to consent to relief from the automatic stay to proceed in Texas court, but the agreement should not supersede any authority of the Bankruptcy Court.

6. Based on the debtor's schedules, it appears that each of the three listed secured creditors may have an interest in cash collateral. The proceeds of any sales of accounts receivable appear to constitute cash collateral, as that term is defined in Section 363(a). The motion, to the extent it seeks to use cash collateral, does not comply with Fed. R. Bankr. P. 4001(b)(1)(B), which requires the debtor to summarize material provisions, including the name of each entity with an interest in cash collateral, and the material terms of the use of the cash collateral.

7. The motion does not seek to specify the amounts needed to avoid immediate and irreparable harm, as required by Fed. R. Bankr. P. 4001(b)(2)(A) and 4001(c)(2)(A).

8. The motion also does not include a proposed order, so parties in interest do not know what specific relief the debtor is seeking.

9. For all of those reasons, the motion should be denied.

Dated: September 24, 2025

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
Region 12

s/ Colin Kreuziger
Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1360
Colin.Kreuziger@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

H5 Transport, LLC                                      Bankr. No. 25-30409

    Debtor.                                                Chapter 11

CERTIFICATE OF SERVICE

Colin Kreuziger, an employee of the U.S. Department of Justice, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated:   September 24, 2025

                                                            /s/ Colin Kreuziger
                                                             Colin Kreuziger