## POST-PETITION CHAPTER 11 BANKRUPTCY RIDER TO
## FACTORING AGREEMENT

This Post-Petition Chapter 11 Bankruptcy Rider to Factoring and Security Agreement (hereinafter referred to as "**Bankruptcy Rider**") is made and entered into effective the 22nd day of September, 2025, by and between the Chapter 11 Debtor and Debtor-In-Possession, H5 Transport, LLC, a Florida limited liability company (hereinafter referred to as the "**Debtor**" or "**Client**") and TBK Bank, SSB d/b/a Triumph fka Advance Business Capital LLC ("**Triumph**").

### RECITALS:

1.  The Debtor is a Debtor-In-Possession in a Chapter 11 bankruptcy case currently pending in the United States Bankruptcy Court for the District of North Dakota, Chapter 11 Case No. 25-30409 (hereinafter "**Bankruptcy Case**" or "**Bankruptcy Court**").  The Bankruptcy Case was filed on or about September 16, 2025 ("**Petition Date**").

2.  Client and Triumph have entered into and desire to continue to operate under, post-petition and subject to approval by the Bankruptcy Court, a Factoring and Security Agreement dated June 16, 2021, in order to enable the Triumph to, *inter alia*, purchase accounts from the Debtor (The above-stated Factoring Agreement, as amended from time-to-time, and any other related documents entered or to be entered into between Triumph and Debtor in respect to the Factoring Agreement, and this Bankruptcy Rider as may be referenced separately, shall be collectively referred to as the "**Post-Petition Agreements**").[1]

3.  On or about October 29, 2018, Triumph duly perfected its ownership interest in the Debtor's Purchased Accounts and its first priority security interest in the Debtor's Collateral, including, without limitation, all non-purchased accounts by causing a UCC-1 Financing Statement to be filed with the Florida Secretary of State naming H5 Transport, LLC as the Debtor, bearing filing number 201806894619, and the effectiveness of the initial UCC-1 financing statement was continued by that UCC Financing Statement Amendment filed on or about August 8, 2023 assigned File No. 202302174364.

4.  The Debtor is and remains authorized to operate the Debtor's business under and in accordance with 11 U.S.C. §§ 1106, 1183 and 1184 and Debtor and Triumph intend to operate, post-petition, under the Factoring Agreement subject to this Bankruptcy Rider and the entry of a Bankruptcy Court Interim Order (and Final) granting the Debtor's Motion ("**Motion**") granting authority to: (i) authorize the Debtor to maintain and continue to operate under a Pre-petition Factoring Agreement; (ii) continue to sell its Accounts to Triumph post-

---

[1] The Post-Petition Bankruptcy Rider to Factoring Agreement may or may not have been signed prior to approval of this Rider by the Bankruptcy Court.

petition and incur credit; (iii) grant Triumph adequate protection in the form of replacement liens on property of the Debtor's estate, pursuant to Bankruptcy Code Sections 361, 363 and 364; (iv) modify the automatic stay; and (v) grant all such further relief as is just and proper, retroactively to the Petition Date" ("**Proposed Interim Order**").

5. The Debtor affirms and ratifies the validity and accuracy of the proposed findings of fact contained in the Proposed Interim Order, attached hereto as **Exhibit "1."**

## AGREEMENT

Now, therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The foregoing recitals shall be deemed a part of this Bankruptcy Rider for all purposes and are acknowledged by the Debtor as being true and correct.

2. The parties' operation under the Post-Petition Agreements, including this Bankruptcy Rider, shall be conditioned upon and subject to the entry of the Bankruptcy Court's Proposed Interim Order in a form satisfactory to Triumph. Debtor acknowledges that if the Proposed Interim Order is approved by the Bankruptcy Court, it shall be Debtor's obligation to have a copy of the Proposed Interim Order duly served on all parties-in-interest pursuant to the Federal Rules of Bankruptcy Procedure, including Rule 4001(d), and all applicable local rules and requirements in respect thereto.

3. Debtor acknowledges that this Bankruptcy Rider is the product of joint negotiations between the parties hereto and represents the jointly conceived, bargained-for and agreed upon language mutually determined by the parties to express their intention in entering into this Bankruptcy Rider. Any ambiguity or uncertainty in this Bankruptcy Rider shall be deemed to be caused by, or attributable to, all parties hereto collectively. In any action or proceeding to enforce or interpret this Bankruptcy Rider, the Bankruptcy Rider shall be construed in a neutral manner, and no term or condition of this Bankruptcy Rider, or the Bankruptcy Rider as a whole, shall be construed more or less favorably to any one party, or group of parties, to this Bankruptcy Rider.

4. Debtor acknowledges that there is no basis to assert and Debtor shall be deemed to have waived any right to contest: (a) Triumph's ownership rights in the prepetition and/or post-petition Purchased Accounts (as defined in the Factoring Agreement) that have been sold to Triumph, (b) the Debtor's prepetition Obligations to Triumph that arose before the commencement of the Bankruptcy Case (i.e. Triumph's allowed fully secured petition claim), (c) the extent, enforceability, validity, perfection and/or priority of Triumph's ownership

interests in any Purchased Accounts, or otherwise seek to prevent or impair Triumph's rights to retain payment on all such prepetition and post-petition Purchased Accounts, (d) the extent, validity, enforceability, perfection and/or priority of the liens and security interest granted to Triumph in the Debtor's Collateral under and/or with respect to the Factoring Agreement, including non-purchased accounts, (e) or otherwise assert against Triumph any of the avoiding powers under the Bankruptcy Code, including those powers that may arise under Bankruptcy Code §§ 544 through 552.

5.  The terms and conditions of the Post-Petition Agreements, this Rider and the Proposed Interim Order (and any final order granting the Motion) shall control the terms of any plan of reorganization ("**Plan**") that may be filed with the Bankruptcy Court in respect to Triumph and submitted for confirmation by the Bankruptcy Court, and the terms and protections afforded Triumph in the Post-Petition Agreements, including, this Rider and the Proposed Interim Order (and any final order granting the Motion) may not be varied, altered or modified by any proposed Plan without Triumph's express written consent, and may not vary, alter or modify any rights that Triumph has against any guarantor or secondarily liable party, and the filing of any Plan in contradiction to these provisions shall be deemed to have filed in violation of 11 U.S.C. §§ 1129(a)(1) and (3) and 1191 to the extent the content of such Plan violates the proscriptions contained in this section.

6.  Whenever the Post-Petition Agreements require Debtor or Triumph to deliver a writing to, or serve a writing upon the other, such writing shall be delivered or served upon each as follows:

| In the case of Triumph: | In the case of Debtor: |
|---|---|
| Kimberly Fisk<br>TBK Bank, SBB<br>701 Canyon Drive, Suite 105<br>Coppell, Texas 75019<br>Phone: (469) 312-7254<br>Fax:    (214) 513-9611<br>Email: kfisk@tbcap.com | H5 Transport, LLC<br>P.O Box 72<br>Oakes, ND 58474<br>Phone: (727) 455-0056<br>Email: lonnieh@h5trans.com |
| -and- | -and- |
| Ullman & Ullman, P.A.<br>2500 N. Military Trail,<br>Suite 100<br>Boca Raton, FL 33431 | Christianna A. Cathcart<br>The Dakota Bankruptcy Firm<br>1630 First Avenue North,<br>Suite B PMB 24 |

| | |
|---|---|
| Telephone: (561) 338-3535 | Fargo, ND 58201 |
| Attn: Jared Ullman, Esq. | Telephone: (701) 970-2770 |
| Email: jared.ullman@uulaw.net | Email:christianna@dakotabankruptcy.com |

Debtor shall electronically deliver to Triumph, each of the following documents within three (3) days from the date of filing:

    (i)    The List of Equity Security Holders required by Bankruptcy Rule 1007(a)(3).

    (ii)    The Schedules of Assets and Liabilities required by Bankruptcy Rule 1007(b) as provided by official form number 6.

    (iii)    The Statement of Financial Affairs as required by Bankruptcy Rule 1007(a) and form number 7.

    (iv)    The Statement of Executory Contracts as required by Bankruptcy Rule 1007(b) and official form number 6, schedule G.

    (v)    All real and personal property leases upon which the Debtor either operates or in which the Debtor has possession.

    (vi)    All security agreements, promissory notes, UCC financing statements and guaranty agreements between Debtor and any party-in-interest that holds a security interest or lien on property of the estate.

    (vii)    All Notices of Tax Lien (whether federal, state or local) issued by and/or delivered to Debtor.

    (viii)    Each and every Debtor-in-possession record as required by Bankruptcy Rule 2015(a), as well as any other operating report (i.e., reports that are routinely required to be filed by the courts periodically, usually every month, addressing all financial activity within that time period) required to be filed pursuant to local rules of court.

    7.    The Factoring Agreement is amended as follows:

There is hereby added to section 11.1 the following subsections: (g) any Order entered by the Bankruptcy Court dismissing the Bankruptcy Case, or converting the chapter 11 Bankruptcy

Case to a chapter 7 case; (h) any principal of the Debtor either voluntarily or involuntarily ceases to manage the Debtor or otherwise becomes disassociated from the Debtor; (i) the Debtor fails to comply with the requirements contained in the Post-Petition Agreements or any entered Interim Order granting the Motion (or any Final Order granting the Motion); (j) the Debtor, or any person acting on its behalf, transfers any of the Debtor's rights to operating authority under any motor carrier number, or (k) All Post-Petition Obligations due the Triumph are not repaid in full, without setoff, recoupment or deduction, by no later than the earlier of conversion or dismissal of the chapter 11 case, or, the effective date of any confirmed Plan, unless the Triumph agrees to and consents, in writing, to other treatment under a Plan.

8. There is hereby added the following new Section 27 entitled, "Chapter 11 Bankruptcy Provisions" with the following subsections:

    8.1 Debtor shall at all times timely and promptly comply with all substantive and procedural requirements of the United States Bankruptcy Court, United States Bankruptcy Code, United States Bankruptcy Rules and all applicable local rules of court including any administrative orders, including promptly paying all post-petition taxes and other obligations including those required under 28 U.S.C. § 1930(a)(6);

    8.2 The Debtor shall notify Triumph within 1 day of receiving any documents or correspondence from the IRS, or any state or municipal agency or unit, that Debtor has defaulted on Debtor's post-petition obligations, including, but not limited to, any failure by the Debtor to pay its obligations to the IRS;

    8.3 The Debtor shall not transfer any of the Debtor's rights to operating authority under any motor carrier number.

    8.4 The Debtor shall notify Triumph within 1 day of receiving any documents or correspondence from any landlord or owner of the Debtor's leased premises that Debtor has defaulted on Debtor's post-petition rental or lease obligations;

    8.5 Debtor shall immediately notify the Triumph, in writing, of any Event of Default, as that term is defined in Section 11.1 of the Factoring Agreement (as supplemented by this Rider); and

    8.6 Until confirmation of a Plan, neither the Debtor's filing of a Petition with the Bankruptcy Court nor the Debtor's financial condition immediately preceding the filing of its Petition, to the extent that either constitute an

Event of Default under the Factoring Agreement, shall constitute an Event of Default under this Post-Petition Agreement.

9. Section 22 of the Factoring and Security Agreement entitled "Venue; Jurisdiction; Service" respectfully, or any other provision in the Post-Petition Agreements of a similar nature are modified to provide that during the pendency of the Bankruptcy Case, the Bankruptcy Court shall have jurisdiction to determine any and all disputes arising under or relating to the Post-Petition Agreements, this Rider and any entered Proposed Interim Order and thereafter final order, and that during the Bankruptcy Case, federal bankruptcy law shall be controlling solely to the extent it may expressly override the laws of the State of Texas.

10. During the pendency of this Bankruptcy Case, Section 13.1 of the Factoring and Security Agreement entitled "Termination; Effective Date" is modified so that the following provision shall apply during the chapter 11 Bankruptcy Case until a Plan is confirmed by the Bankruptcy Court:

Triumph may terminate this Agreement at any time by filing a notice with the Bankruptcy Court on the earlier of:

i. Twenty (20) days after the entry of the Proposed Interim Order; or

ii. Upon the occurrence of any Event of Default and the failure to fully cure each and every monetary and non-monetary Event of Default within seven (7) days of receiving notice from Triumph; or

iii. Immediately upon the Debtor receiving notice from the IRS of the Debtor having committed any default on its post-petition obligations that may become owing to the IRS.

11. This Bankruptcy Rider may be executed in counterparts, all of which taken together shall constitute a single document and either Debtor or Triumph's signature of this Bankruptcy Rider may either be an original or a electronic facsimile in order to constitute an original signature.

12. This Bankruptcy Rider shall be binding on and inure to the benefit of the Debtor and the Triumph, as well as their respective successors and assigns. Moreover, this Bankruptcy Rider shall be binding on any examiner or trustee that may subsequently be appointed, to the extent permitted by law.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals, the day first written above.

H5 TRANSPORT, LLC

By: _Lonnie Helgerson_
   C70B8513AA4C4BB...
Name: Lonnie Helgerson
Title: Managing Member
Dated: 9/24/2025

TBK BANK, SSB D/B/A TRIUMPH

By: _____
Name: _____
Title: _____
Dated: _____

APPROVED AS TO FORM:

*Counsel for Debtor*

*Counsel for TBA Bank, SSB*

By: s/ Christianna A. Cathcart
   Christianna A. Cathcart, Esq.
   The Dakota Bankruptcy Firm
   1630 1st Avenue N
   Suite B PMB 24
   Fargo, North Dakota 58102-4246
   Phone: (701) 970-2770
   christianna@dakotabankruptcy.com
   *Proposed Counsel for the Debtor*

By: _____