IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30409 |
| | ) | (Chapter 11) |
| H5 TRANSPORT, LLC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DECLARATION OF LONNIE HELGERSON

1. My name is Lonnie Helgerson, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. I am the sole managing member of H5 Transport, LLC ("H5 Transport" or the "Debtor"), the debtor-in-possession in the above-captioned Chapter 11 case. I am familiar with the Debtor's day-to-day operations, financial condition, cash flow, and books and records, and credit relationships.

3. H5 Transport is a Florida limited liability company that provides freight motor carrier transportation services. On September 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code and continues to operate as debtor-in-possession.

4. The Debtor has factored its receivables through TBK Bank, SSB d/b/a Triumph ("Triumph") since 2018. This is a long-standing, arm's-length commercial relationship. Factoring is common and essential in the trucking industry, where freight invoices are slow to pay, but payroll, fuel, and other costs must be paid immediately.

5. As of the Petition Date, Triumph holds a first-priority perfected security interest in the Debtor's accounts and cash proceeds.

6. The Debtor has an urgent and ongoing need for cash to pay drivers, fuel, insurance, and other operational costs. Without factoring, the Debtor will not be able to make payroll, pay for fuel, or retain drivers. The result would be a rapid shutdown of operations and likely liquidation.

7. I have considered whether the Debtor could obtain financing from any other source. In my experience, and given the Debtor's current position, no traditional lender or factor is willing to extend credit to a Chapter 11 debtor in the trucking industry with no unencumbered receivables and no cash reserves.

8. The Debtor cannot obtain unsecured credit allowable as an administrative expense under § 364(a) or (b). Nor can it obtain secured credit under § 364(c)(1), (2), or (3) without granting a priming lien or senior position to Triumph, which is not feasible.

9. Based on my experience in the industry and understanding of the Debtor's current financial condition, I am not aware of any lender or factor that would be willing or able to close a post-petition financing facility on terms and within a timeframe sufficient to meet the Debtor's immediate operating needs. The time required to underwrite, conduct diligence, negotiate, and document a new facility – particularly for a debtor in bankruptcy with fully encumbered receivables – would likely exceed the Debtor's available runway. The Debtor requires funding now to avoid disruption to payroll and fuel payments, which are critical to maintaining operations.

10. Even if a new lender were hypothetically willing to step in, they would either demand a full buyout of Triumph's position or seek a priming lien, both of which are commercially and procedurally impractical under the circumstances.

11. Triumph is currently holding approximately $3,000.00 in reserve from prior receivables, with additional accounts in process of funding. If the relationship were terminated, Triumph would retain those funds, further impairing liquidity.

12. Without continued factoring with Triumph, cash outflows would exceed inflows almost immediately. Drivers would leave, freight would not move, and the business would collapse. This would result in immediate and irreparable harm to the estate, including loss of revenue, customer relationship, and workforce.

13. The terms of the proposed post-petition financing with Triumph are the only realistic and available financing option under the present circumstances. In my judgment, the transaction is fair, reasonable, and necessary to preserve the value of the estate and allow the Debtor to pursue reorganization.

I, Lonnie Helgerson, declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/29/2025    By: *Lonnie Helgerson* (DocuSigned, C70B8513AA4C4BB...)

Lonnie Helgerson

3