UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

H5 Transport, LLC  Bankr. No. 25-30409

Debtor.  Chapter 11

**OBJECTION TO AMENDED MOTION FOR (I) INTERIM APPROVAL OF A PRE-PETITION FACTORING AND SECURITY AGREEMENT, AS REVISED, WITH TBK BANK, SSB AND (II) INTERIM APPROVAL OF DEBTOR-IN-POSSESSION FINANCING AND ADEQUATE PROTECTION**

Mary R. Jensen, Acting United States Trustee for Region 12 ("UST"), files this objection to the debtor's amended motion noted in the caption above:

1. As an initial matter, it is not clear what relief the debtor is seeking at the final hearing on its amended motion. The amended motion does not contain a proposed final order. The motion does reference the budget attached as Exhibit E, which extends through November 30, 2025. The UST therefore assumes, for purposes of this objection, that the debtor seeks a final order identical to the interim order, with the exception that the order will remain in effect through November 30, 2025.

2. The following objections to the debtor's amended motion remain unresolved or were deferred by the Court to a final hearing.

3. Pre-Petition Factoring Agreement (Exhibit A), Paragraph 15—Indemnification. This provision remains in the agreement for which the debtor seeks the Court's approval. The provision appears to provide for unlimited indemnification for any acts committed by Triumph. Thus, it is overly broad because it absolves the creditor of liability for all claims, including intentional torts, willful misconduct, fraud, and gross negligence. This provision should be modified accordingly by the Court.

4. Pre-Petition Factoring Agreement (Exhibit A), Paragraph 17—Attorney's Fees: Expenses. The UST continues to object to this provision because there is no statutory authority to obligate the bankruptcy estate for attorney fees incurred by a secured creditor, with or without a procedure for review. To the extent that the Court allows Triumph to shift responsibility for payment of its attorney fees to the bankruptcy estate, the UST objects to the procedure set forth in Paragraph 21 of the interim order. The procedure does not provide for a twenty-one day period for review of any proposed fees by the UST (normally required for any application for compensation by Fed. R. Bankr. P. 2002(a)(6), and it provides for no mechanism for any other party to challenge the reasonableness of any of the fees. It also fails to provide a mechanism for the Court to consider the reasonableness of the fees or resolve any disputes about the reasonableness of the fees.

5. The UST continues to object to the debtor's waiver of all claims against Triumph. The waiver is excessively broad; for example, it does not carve out any exceptions for intentional torts, willful misconduct, fraud, and gross negligence, and it purports to bind any successor trustee. This provision effectively removes the debtor or a trustee's ability to raise any claims before any party has had adequate time to investigate any potential claims. This case will be approximately one month old at the time of the final hearing. That is not sufficient time for the debtor to assess any potential claims it may have against Triumph, and it is not reasonable to permit the debtor to give away all potential claims against Triumph to secure funding.

6. Paragraph 12 of the Interim Proposed Order inappropriately restricts the debtor's exclusive right to file a chapter 11 plan in this case. *See* 11 U.S.C. § 1189(a). Paragraph 12 dictates that the debtor cannot include certain provisions in any hypothetical chapter 11 plan. No matter how badly the Debtor proclaims the need for liquidity, debtor-in-possession financings cannot dictate the terms of a chapter 11 plan. Indeed, "[t]he bankruptcy court cannot, under the guise of section 364, approve financing arrangements that amount to a plan of reorganization but evade confirmation requirements." *In re Mid-State Raceway, Inc.,* 323 B.R. 40, 59 (Bankr. N.D.N.Y. 2005) (citing *In re Defender Drug Stores, Inc.,* 145

B.R. 312, 317 (B.A.P. 9th Cir. 1992)); *In re Iridium Operating LLC*, 478 F.3d 452, 466 (2d Cir. 2007) ("The reason *sub rosa* plans are prohibited is based on a fear that a debtor-in-possession will enter into transactions that will, in effect, short circuit the requirements of Chapter 11 for confirmation of a reorganization plan.") (internal citations omitted). The proposed financing is an impermissible *sub rosa* plan because it predetermines material plan terms and distributes reorganization value without the statutory and procedural safeguards of the plan confirmation process. The Debtor's motion should be denied on that basis. *See Czyzewski v. Jevic Holding Corp.,* 137 S. Ct. 973, 986 (2017) (debtors in chapter 11 are not permitted to enter into transactions that "circumvent the [Bankruptcy] Code's procedural safeguards."); *see also In re Laffite's Harbor Development I, LP*, No. 17-36191-H5-11, 2018 WL 272781, at *3 (Bankr. S.D. Tex. Jan. 2, 2018) ("The Bankruptcy Court cannot, under the guise of Section 364, approve financing arrangements that amount to a plan of reorganization but evade confirmation requirements.").

*—Remainder of page intentionally left blank—*

7. For all of those reasons, the motion should be denied.

Dated: October 7, 2025

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
Region 12

s/ Colin Kreuziger
Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1360
Colin.Kreuziger@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

In re:

H5 Transport, LLC                                        Bankr. No. 25-30409

    Debtor.                                              Chapter 11

## CERTIFICATE OF SERVICE

Colin Kreuziger, an employee of the U.S. Department of Justice, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated:   October 7, 2025

                                                           /s/ Colin Kreuziger
                                                           Colin Kreuziger