IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30409 |
| | ) | (Chapter 11) |
| H5 TRANSPORT, LLC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S RESPONSE TO THE UNITED STATES
TRUSTEE'S OBJECTION TO AMENDED MOTION FOR INTERIM
APPROVAL OF PRE-PETITION FACTORING AND DIP FINANCING**

Comes now H5 Transport, LLC ("H5 Transport" or the "Debtor"), by and through undersigned counsel, submits this response to the United States Trustee's ("UST" or the "Trustee") Objection (DE #46) to the Debtor's Amended Motion (DE #30) for (I) Interim (and Final) Approval of a Pre-Petition Factoring and Security Agreement, as Revised, with TBK Bank, SSB and (II) Interim (and Final) Approval of Debtor-in-Possession Financing and Adequate Protection (the "Motion"), and in support thereof states as follows:

**I. Scope of Relief Sought**

Through the Motion, the Debtor seeks final authority to: (i) maintain and continue operating under the pre-petition factoring agreement post-petition; (ii) continue selling post-petition accounts to TBK Bank, SSB d/b/a Triumph ("Triumph") and incur credit under the post-petition agreements; (iii) grant Triumph replacement liens and adequate protection pursuant to 11 U.S.C. §§ 361, 363, and 364; (iv) modify the automatic stay as necessary; and (v) grant such other and further relief as the Court deems appropriate.

Although the budget attached as Exhibit E to the Motion projects operations through November 30, 2025, the relief requested is not limited to that time period. The Debtor seeks authority to continue utilizing cash collateral and operating under the terms of the factoring

1

agreement for the duration of this chapter 11 case, through and until confirmation of a plan. The Debtor further confirms that, consistent with local practice and the Court's preference, it intends to present a proposed final order at the final hearing, if and when the Motion is granted.

## II. Indemnification

The UST objects to the indemnification provision contained in paragraph 15 of the pre-petition factoring agreement (the "Factoring Agreement"), attached as Exhibit A to the Motion, arguing that it is overly broad and could be interpreted to permit Triumph to be indemnified for all conduct, including fraud, gross negligence, or willful misconduct. That provision, however, is part of a prepetition, arms-length commercial agreement that the Debtor does not have the authority, nor is seeking, to unilaterally modify.

Notwithstanding, after the interim hearing, counsel for Triumph notified counsel for the Debtor that in order to seek to resolve the objection, Triumph would be willing to agree that until confirmation of a Plan of reorganization section 15 in the prepetition Factoring Agreement to address the UST's objection by adding the following language, "excluding any intentional fraud, or willful misconduct committed by Triumph." Accordingly, that provision would then read as follows:

> **Indemnification**. Client agrees to indemnify Triumph against and save Triumph harmless from any and all manner of suits, claims, liabilities, demands and expenses, whether directly or indirectly, resulting from or arising out of this Agreement including the transactions or relationships contemplated hereby and the enforcement of this Agreement, and any failure by Client to perform or observe its duties under this Agreement**, excluding intentional fraud or willful misconduct committed by Triumph**. In no event will Triumph be liable to Client for any lost profits or any form of consequential, incidental or special damages resulting from or arising out of or in connection with this Agreement, the transactions or relationships contemplated hereby or Triumph's performance or failure to perform hereunder, even if Triumph has been advised of the possibility of such damages.

## III. Attorney Fees

The UST objects to paragraph 17 of the Factoring Agreement, asserting that there is no statutory authority obligating the bankruptcy estate to pay a secured creditor's attorneys' fees, with

2

or without a procedure for review. The Debtor is seeking court approval to maintain its prepetition, arms-length Factoring Agreement with Triumph on a post-petition basis. The Factoring Agreement contains an express contractual provision that grants Triumph the right to recover attorneys' fees and expenses incurred in connection with enforcing the agreement, defending avoidance actions, and responding to insolvency proceedings, including this chapter 11 case.

The Debtor does not have the authority, nor is it seeking, to unilaterally modify the terms of the prepetition Factoring Agreement, including the attorneys fee provision contained in paragraph 17. Post-petition, the Debtor has agreed to all the terms contained in the prepetition Factoring Agreement as part of the negotiated continuation of its factoring relationship with Triumph on a post-petition basis in order to obtain the post-petition factoring facility from Triumph. At the interim hearing, the Court acknowledged that reimbursement of attorneys' fees under the Factoring Agreement may be appropriate, provided the procedure includes a reasonable opportunity for review, objection, and judicial oversight. Accordingly, Triumph's entitlement to reimbursement of reasonable fees and expenses, including, but not limited to, legal expenses incurred by Triumph is part of the terms of the post-petition factoring that the Debtor has negotiated with Triumph.

The UST also objects to the fee reimbursement procedure set forth in paragraph 21 of the Interim Order (DE #44), asserting that it lacks adequate notice and court review. The Interim Order provided a 15-day period for review and objection following submission of Triumph's monthly billing statements to the UST and Debtor's counsel. While this process was intended to reduce administrative burden, the Debtor proposes that the final order revise and expand the procedure as follows: (i) provide a 21-day notice and objection period; (ii) establish a procedure for judicial resolution of any unresolved objections to the reasonableness (not the entitlement) of legal fees

3

and expenses incurred by Triumph pre/post-petition; and (iv) clarify that this process shall serve in lieu of formal Rule 2016 applications unless otherwise ordered by the Court. During the emergency hearing on the Motion, the Court suggested a procedure for reimbursement of Triumph's legal fees and expenses by indicating that Triumph file with the Court a short fee application attaching Triumph's counsel's monthly invoice statements (redacted as necessary to protect privileged and confidential information, including information protected by the attorney-client and/or work-product privileges).

Accordingly, the Debtor proposes the following revision to paragraph 21 in the Final DIP Order to which Triumph has informed Debtor it consents to:

> **Attorney's Fees**. Pursuant to Section 17 of the Factoring Agreement, and until confirmation of a plan, Triumph shall be entitled to be reimbursed all of its reasonable attorneys' fees and costs in accordance with the following procedure: Triumph, by and through its counsel, shall file with the Court a short form application summarizing the total amount of attorney's fees and costs incurred by Triumph attaching Triumph's counsel's monthly statement(s) for fees and costs (redacted as necessary to protect privileged and confidential information, including information protected by the attorney-client and/or work-product privileges). Unless a written objection (specifying the line item of the bill objected to, the reason for the objection and a proposed resolution of the objection) is filed by any party-in-interest within 21 days, Triumph shall immediately be authorized to charge the Debtor's Reserve or otherwise seek payment of such fees and costs without further order of the Court. To the extent no timely written objection is filed, any objection shall be deemed waived, and no further objection may thereafter be raised in connection therewith. In the event a timely objection is filed, the parties will seek to schedule a hearing on the objection to obtain a ruling from the Court. Notwithstanding, any portion of Triumph's counsel's invoice statement(s) not objected-to shall immediately be satisfied by the Debtor in accordance with the Post-Petition Agreements. This procedure shall serve in lieu of separate applications for compensation under Rule 2016 of Tile 11 of the United States Code, unless otherwise ordered by the Court.

**IV. Waiver of Claims**

The UST objects to the waiver of claims provision set forth in the Interim Order, and the related Rider, attached as Exhibit D to the Motion, asserting that it is overly broad, lacks necessary carve-outs for serious misconduct, improperly binds successor trustees, and is premature at this stage of the case. As provided in section 20 in the Final Order, the waiver applies solely to the Debtor and does not bind other parties-in-interest. The Debtor has reviewed its prepetition relationship with Triumph and does not believe it holds any valid claims against Triumph related to the prepetition Factoring Agreement or otherwise. As part of the negotiated post-petition financing arrangement, the Debtor agreed to waive all claims that the Debtor has or may have a right to assert against Triumph in exchange for maintaining the Factoring Agreement on a post-petition basis subject to the terms of the Post-Petition Agreement and the Final DIP Order. Waivers of this kind are routinely included in debtor-in-possession financing and cash collateral orders, particularly where the lender continues to provide funding post-petition funding.

Paragraph 20 of the Interim Order establishes a 60-day challenge period following the entry of the order. During this time, any party in interest – excluding the Debtor – may investigate and, if appropriate, assert objections or claims related to Triumph's prepetition liens, collateral, or claims. The waiver becomes binding only after the expiration of that period and only in the absence of a timely challenge. This structure preserves a reasonable opportunity for review and oversight, while offering Triumph a measure of finality needed to support its continued financing.

**V. Restrictions on Plan Terms**

The UST objects to paragraph 12 of the Interim Order, asserting that it impermissibly restricts the Debtor's right to file a chapter 11 plan in this case. However, paragraph 12 is not intended to, nor does it, restrict the Debtor's statutory authority to propose a plan under 11 U.S.C.

5

§ 1189 or to determine appropriate treatment for creditors and interest holders. Rather, it is meant to ensure that a confirmed plan does not modify or impair the rights and protections this Court has already approved in connection with post-petition financing. This type of provision is common in chapter 11 cases and reflects the principle that financing terms authorized by a final order of the Court should remain enforceable unless modified with the lender's/factor's consent. If the Court concludes that additional clarifying language would help distinguish between plan proposal rights and the preservation of court-approved financing provisions, the Debtor is amenable to making that revision in the final order.

### VI. Conclusion

For the reasons set forth above, the Debtor respectfully submits that the objections raised by the United States Trustee have been appropriately addressed, can be resolved through clarifying language in the Final Order or should otherwise be denied. The Debtor therefore requests that the Court overrule the Trustee's objection, with prejudice, and grant the relief requested in the Motion, including entry of a Final Order as may be revised per the proposed changes to certain section in the Final DIP Order as provided above, authorizing the continued use of the factoring arrangement and related post-petition financing on the terms proposed

*[Signature and Certificate of Service on Following Page]*

Respectfully Submitted,

Dated: October 15, 2025      By:  /s/ Christianna A. Cathcart
                                  Christianna A. Cathcart, Esq.
                                  The Dakota Bankruptcy Firm
                                  1630 1st Avenue N
                                  Suite B PMB 24
                                  Fargo, North Dakota 58102-4246
                                  Phone: (701) 394-3215
                                  christianna@dakotabankruptcy.com
                                  *Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart
Christianna A. Cathcart