UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy No.: 25-30409 |
| H5 Transport, LLC | ) | Chapter 11 – Subchapter V |
| | ) | |

**MOTION FOR ORDER CONFIRMING ABSENCE OF AUTOMATIC STAY
AND NOTICE OF MOTION**

Wallwork Financial Corporation ("Wallwork" or "Lessor"), a party in interest, hereby moves for an Order Confirming Absence of Automatic Stay. Specifically, Wallwork requests that the Court enter an order confirming that six semi-trailers which were leased from Wallwork to lessee H5 Transport, LLC ("H5 Transport" or "Lessee"), and which were surrendered by H5 Transport to Wallwork after H5 Transport had defaulted on its lease obligations, and before H5 Transport had filed for bankruptcy protection, are not part of the bankruptcy estate, and may be disposed of by Wallwork.

**JURISDICTION AND VENUE**

The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2)(G).

**BACKGROUND FACTS**

Wallwork is engaged in the business of leasing trucks, trailers, and other equipment. (Declaration of Justin Pavek ("Pavek Decl."), filed herewith, at ¶ 2.) On April 29, 2021, Wallwork and H5 Transport entered into a Motor Vehicles Master Lease Agreement and Schedule of Vehicle Description and Payment Terms, described as Lease # 20792-001. (Pavek Decl. at ¶ 3; Motor

1

Vehicles Master Lease Agreement and Schedule of Vehicle Description and Payment Terms ("Lease # 20792-001"), Exhibit 1 to Pavek Decl.)

Under Lease # 20792-001, Wallwork agreed to lease to H5 Transport the following vehicles:

**Description**           **Vehicle Identification Number**

1. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA532XLM009487
2. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5325LM009493
3. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5329LM009495
4. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5322LM009497
5. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5324LM009498
6. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5321LM009507

(collectively, the "Trailers") (Lease # 20792-001, Ex. 1 to Pavek Decl. at pg. 7, "Equipment Schedule.") The lease was a 'true lease' and not a security agreement, and H5 Transport had no interest in the Trailers except as a lessee. (*Id*. at pg. 4, § 13.) Wallwork remained the registered owner and title holder of the Trailers. (*Id*. at pg. 1, § 1, pg. 2, § 9) H5 Transport promised to return the Trailers to Wallwork upon termination of the lease. (*Id*. at pg. 3, § 11.)

Ultimately, H5 Transport failed to make all payments to Wallwork as required by Lease # 20792-001. (Pavek Decl. at ¶ 4.) On August 11, 2019, Wallwork gave notice to H5 Transport regarding the past due amount, and stating that if H5 Transport did not come current by August 15, 2025, Wallwork would terminate its leases with H5 Transport, and seek possession of all leased equipment. (Pavek Decl. at ¶ 5, Notice of Default, Exhibit 2 to Pavek Decl.)

Following Wallwork's Notice of Default, H5 Transport did not make any further payments to Wallwork. (Pavek Decl. at ¶ 6.) Instead, H5 Transport delivered the Trailers with VINs ending in -9487, -9495, -9497, and -9507 to Wallwork on or about August 19, 2025. (*Id*. at ¶ 7.) On August 19, 2025, following H5 Transport's delivery of those four trailers, Wallwork gave notice to H5 Transport of the total amount due and owing to Wallwork, and stating that if H5 Transport

2

did not satisfy its obligations to Wallwork within ten days, Wallwork would dispose of the Trailers with VINs ending in -9487, -9495, -9497, and -9507, apply the sales proceeds to H5 Transport's past due balance, and seek payment of any deficiency. (Pavek Decl. at ¶ 8, Redemption Notice dated August 19, 2025, attached as Exhibit 3 to Pavek Decl.)

H5 Transport delivered to Wallwork the Trailers with VINs ending in -9493 and -9498 on or about August 26, 2025. (Pavek Decl. at ¶ 9.) On August 26, 2025, following H5 Transport's delivery of those two trailers, Wallwork gave notice to H5 Transport of the total amount due and owing to Wallwork, and stating that if H5 Transport did not satisfy its obligations to Wallwork within ten days, Wallwork would dispose of the Trailers with VINs ending in -9493 and -9498, apply the sales proceeds to H5 Transport's past due balance, and seek payment of any deficiency. (Pavek Decl. at ¶ 10, Redemption Notice dated August 26, 2025, attached as Exhibit 4 to Pavek Decl.)

After it surrendered the Trailers to Wallwork, H5 Transport did not make any further payments to Wallwork. (Pavek Decl. at ¶ 11.)

H5 Transport filed its petition in this matter on September 16, 2025.

Wallwork has remained in possession of each of the Trailers since receiving them from H5 Transport. (Pavek Decl. at ¶ 12). Wallwork has remained the owner of the Trailers since the execution of Lease # 20792-001 (Pavek Decl. at ¶ 13; Certificates of Title, Exhibit 5 to Pavek Decl.)

## LAW & ANALYSIS

I. **Lease # 20792-001 was terminated before H5 Transport filed its bankruptcy petition, and therefore the Trailers are not part of the estate and not subject to the automatic stay.**

A Chapter 11 trustee or debtor in possession may assume any executory contract or unexpired lease. 11 U.S.C. § 365 However, "[f]iling a Chapter 11 petition will not resuscitate a

3

contract that has already been terminated." *In re Best Film & Video Corp.*, 46 B.R. 861, 869 (Bankr. E.D.N.Y. 1985). However, "[a] lease that has been terminated prior to the filing of a bankruptcy petition is not property of the estate, and the lessee's interest in a terminated lease is not protected by the automatic stay." *In re T.A.C. Group, Inc.*, 294 B.R. 199, 202 (Bankr. D. Mass. 2003), *citing* 11 U.S.C. §§ 362(b)(10), 41(b)(2) (other citations omitted). *See also Matter of Mayhall,* 200 B.R. 241 (1996) (finding, in a Chapter 13 proceeding, that estate had no interest in leased vehicles because the lease agreement expired upon lessor's prepetition repossession of leased vehicles according to terms of lease). "Interpretation of the provisions of a lease is a question of law which depends on applicable state law." *In re T.A.C.*, 293 B.R. at 202 (internal citation omitted).

Chapter 41-02.1 of the North Dakota Century Code applies to leases of equipment and other personal property. N.D.C.C. § 41.02.1-02. Under this chapter, which codifies U.C.C. Article 2A, "'[t]ermination' occurs when either party under a power created by agreement or law puts an end to the lease contract *otherwise than for default*." N.D.C.C. § 41-02.1-03(1)(aa) (corresponding to UCC 2A-103(1)(z) (emphasis added)). Separately, "'[c]ancellation' occurs when either party puts an end to the lease contract *for default* by the other party." N.D.C.C. § 41-02.1-03(1)(b) (corresponding to UCC 2A-103(1)(b) (emphasis added)).

"On cancellation of the lease contract, all obligations that are still executory on both sides are discharged, but any right based on prior default or performance survives, and the canceling party also retains any remedy for default of the whole lease contract or any unperformed balance." N.D.C.C. § 41-02.1-53(1) (corresponding to UCC 2A-505(1)).

Courts recognize that for the purposes of 11 U.S.C. § 365, the prepetition 'cancellation' of a lease under UCC Article 2 is equivalent to 'termination.' *In re Northwest Airlines Corp.*, 383

4

B.R. 575, 584 (2008) ("The Owner correctly points out that "termination" equates to "cancellation" under N.Y.U.C.C. § 2A–103(1)(b), which states that "cancellation occurs when either party puts an end to the lease contract for default by the other party.").

Here, Wallwork affirmatively put an end to Lease # 20792-001 on August 26, 2025, following H5 Transport's default and its surrender of the Trailers, when Wallwork issued its final Redemption Notice and advised H5 Transport that if it did not satisfy its obligations to Wallwork, Wallwork would dispose of that property, apply the sale proceeds to H5 Transport's past due lease payments, and seek payment from H5 Transport of any deficiency.

Therefore, all executory obligations under Lease # 20792-001, held by either Wallwork or H5 Transport, were discharged, at the very latest, ten days after the Redemption Notice, on September 5, 2025. Thus, H5 Transport filed its petition in this matter on September 16, 2025, after Lease # 20792-001 had been terminated. H5 Transport has no executory interest in the lease, and the Trailers were not part of the estate.

## RELIEF REQUESTED

Wallwork seeks an order confirming that the six Trailers are not the property of the bankruptcy estate, and, therefore, the automatic stay of 11 U.S.C. § 362(a) does not apply to that property, such that the Trailers may be privately disposed of by Wallwork.

Dated this 14th day of November, 2025.

/s/ Anthony Anderson
Anthony Anderson (ND Bar ID: 08744)
NILLES LAW FIRM
201 North 5th Street, Suite 1800
P. O. Box 2626
Fargo, North Dakota 58108-2626
Phone: (701) 237-5544
aanderson@nilleslaw.com
*Attorneys for Wallwork Financial Corporation*

5

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy No.: 25-30409 |
| H5 Transport, LLC | ) Chapter 11 – Subchapter V |
| | ) |

## NOTICE OF MOTION

TO: ALL PARTIES OF INTEREST

NOTICE IS HEREBY GIVEN that Wallwork Financial Corporation has filed a Motion for Order Confirming Absence of Automatic Stay. A copy of this motion is attached hereto and served upon you. Written objections to said motion, if any, shall be filed with the Clerk of the United States Bankruptcy Court, 655 First Avenue North, Suite 210, Fargo, ND 58102-4932 within fourteen (14) days from the date of this Notice. Any objections not filed and served may be deemed waived.

Dated this 14th day of November, 2025.

/s/ Anthony Anderson
Anthony Anderson (ND Bar ID: 08744)
NILLES LAW FIRM
201 North 5th Street, Suite 1800
P. O. Box 2626
Fargo, North Dakota 58108-2626
Phone: (701) 237-5544
aanderson@nilleslaw.com
*Attorneys for Wallwork Financial Corporation*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy No.: 25-30409 |
| H5 Transport, LLC | ) | Chapter 11 – Subchapter V |
| | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, Anthony Anderson, hereby certify under penalty of perjury that a true and correct copy of the foregoing **Motion for Order Confirming Absence of Automatic Stay and Notice of Motion,** and the supporting **Declaration of Justin Pavek, with attached Exhibits 1-5**, have been served to all parties listed as receiving notice via the court's ECF noticing system, and have been served on the below-named parties by depositing in the U.S. Post Office at Fargo, North Dakota, on November 14, 2025, a true and correct copy thereof, enclosed in separate sealed envelopes, with postage fully prepaid for First Class Mail.

Executed this 14th day of November, 2025, in Fargo, North Dakota.

/s/ Anthony Anderson
Anthony Anderson (ND Bar ID: 08744)
NILLES LAW FIRM
201 North 5th Street, Suite 1800
P. O. Box 2626
Fargo, North Dakota 58108-2626
Phone: (701) 237-5544
aanderson@nilleslaw.com
*Attorneys for Wallwork Financial Corporation*