UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy No.: 25-30409 |
| H5 Transport, LLC | ) | Chapter 11 – Subchapter V |
| | ) | |

---

## DECLARATION OF JUSTIN PAVEK

---

I, Justin Pavek, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the Chief Credit Officer of Wallwork Financial Corporation ("Wallwork"). In this capacity, I am familiar with the above-captioned matter, and have access to Wallwork's records regarding H5 Transport, LLC's leasing agreements with Wallwork. Except where based on my review of Wallwork's records kept in the ordinary course of business, all the matters set forth herein are within my personal knowledge, and, if called as a witness, I could competently testify thereto.

2. Wallwork is engaged in the business of leasing trucks, trailers, and other equipment.

3. On April 29, 2021, Wallwork and H5 Transport entered into a Motor Vehicles Master Lease Agreement and Schedule of Vehicle Description and Payment Terms, described as Lease # 20792-001. A copy of Lease # 20792-001 is attached to this declaration as Exhibit 1. Under Lease #20792-001, Wallwork agreed to lease to H5 six semi-trailers, with VINs 5V8VA532XLM009487, 5V8VA5325LM009493, 5V8VA5329LM009495, 5V8VA5322LM009497, 5V8VA5324LM009498, and 5V8VA5321LM009507 (collectively, the "Trailers").

4. H5 Transport failed to make all payments to Wallwork as required by Lease # 20792-001.

5.  On August 11, 2019, Wallwork gave notice to H5 Transport regarding the past due amount, and stating that if H5 Transport did not come current by August 15, 2025, Wallwork work terminate its leases with H5 Transport, and seek possession of all leased equipment. A copy of the Notice of Default is attached to this declaration as Exhibit 2.

6.  Following Wallwork's Notice of Default, H5 Transport did not make any further payments to Wallwork.

7.  Instead, H5 Transport delivered the Trailers with VINs ending in -9487, -9495, -9497, and -9507 to Wallwork on or about August 19, 2025.

8.  On August 19, 2025, following H5 Transport's delivery of those four trailers, Wallwork gave notice to H5 Transport of the total amount due and owing to Wallwork, and stating that if H5 Transport did not satisfy its obligations to Wallwork within ten days, Wallwork would dispose of the Trailers with VINs ending in -9487, -9495, -9497, and -9507, apply the sales proceeds to H5 Transport's past due balance, and seek payment of any deficiency. A copy of this Notice is attached to this declaration as Exhibit 3.

9.  H5 Transport delivered to Wallwork the Trailers with VINs ending in -9493 and -9498 on or about August 26, 2025.

10. On August 26, 2025, following H5 Transport's delivery of those two trailers, Wallwork gave notice to H5 Transport of the total amount due and owing to Wallwork, and stating that if H5 Transport did not satisfy its obligations to Wallwork within ten days, Wallwork would dispose of the Trailers with VINs ending in -9493 and -9498, apply the sales proceeds to H5 Transport's past due balance, and seek payment of any deficiency. A copy of this Notice is attached to this declaration as Exhibit 4.

11. After it surrendered the Trailers to Wallwork, H5 Transport did not make any further payments to Wallwork.

12. Wallwork has remained in possession of each of the Trailers since receiving them from H5 Transport.

13. Wallwork has remained the owner of the Trailers since the execution of Lease # 20792-001 . The Certificates of Title are attached to this Declaration as Exhibit 5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 14th, 2025, in Fargo, North Dakota.


Justin Pavek
Wallwork Financial Corporation

DocuSign Envelope ID: AADB1CD4-C71E-40FE-8E39-1A8AB7F20A44



401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Motor Vehicles Master Lease

### Master Lease Provisions

1. The undersigned Lessor hereby leases to the undersigned Lessee and Lessee leases from Lessor, the motor vehicles, trailers, and attached equipment (hereinafter "Vehicles") described in any schedule or schedules (the Schedule) signed by the parties and made a part of this Lease for the term described on the Schedule. Vehicles include any present or hereinafter attached parts, accessories, repairs, replacements, improvements and accessions to the Vehicles. Title to the Vehicles will at all times remain in Lessor's name and Lessee will at all times, at its own cost and expense, protect and defend the title of Lessor from and against all claims, liens, encumbrances and legal processes of creditors of Lessee or of others claiming by or through Lessee, and keep the Vehicles free and clear from all such claims, liens, encumbrances and processes. Lessee acknowledges and agrees that Lessor is the owner of the Vehicles for Federal income tax purposes.

If at any time the relationship between Lessor and Lessee is determined to be something other than a Lease and the Lessee is deemed to be the owner of the Vehicles, to secure payments of the obligations under this Motor Vehicles Master Lease and any included Schedule, Lessee hereby grants to Lessor a security interest in all of Lessee's present and future right, title and interest in and to the Vehicles and any replacements and substitutions for, additions to and proceeds and products of the Vehicles.

2. As rent for the Vehicles, Lessee shall pay to Lessor at Lessor's place of business shown above or at such place as the Lessor or any assignee of this Lease shall designate, the monthly rental shown on the Schedule for the number of months of the term. The first rental payment shall be paid upon execution of this Lease and subsequent payments are due on the same day of each month following the delivery of the Vehicles. If different rental terms appear on the Schedule, rent shall be paid in accordance with the Schedule. If the Lessee fails to pay any expense required to be paid by Lessee under this Lease, such expense shall constitute additional rent. Lessor, at its option, may pay such expense and the amount shall be paid by Lessee to Lessor with the next rental payment.

The rental payments provided for in this Lease have been computed based on the total cost of the Vehicles to Lessor as estimated at the time of executing the Lease. Total cost includes Lessor's cost of purchasing and delivering the Vehicles to Lessee, transportation and other charges. Lessor is authorized to correct the rental payments to reflect any difference between the actual cost of the Vehicles and the estimated cost. Lessee will accept the Vehicles if delivered in good repair and authorize Lessor to add to the Schedule any serial numbers or other identification of the Vehicles when known.

Any rental payment not made within ten (10) days after its due date shall be subject to a late payment charge of **5.0%**.

**NET LEASE AND UNCONDITIONAL OBLIGATION. This Lease is a completely net Lease and Lessee's obligation to pay rent and all other amounts payable by Lessee hereunder is absolute, unconditional and irrevocable, and shall be paid without any abatement, reduction and setoff or defense of any kind.**

3. Lessee has deposited with Lessor the amount shown as "Security Deposit" on the Schedule, which is a security deposit only and not advance rental. Lessor may, at its option, apply the security deposit to pay any default of Lessee, whereupon, Lessee shall promptly restore the security deposit to the full amount shown. Failure to restore the security deposit within thirty (30) days following notice from Lessor shall constitute a default under this Lease. Upon termination of the Lease, Lessor shall return to Lessee any remaining balance of the security deposit if Lessee has fulfilled all of the terms and conditions of this Lease.

4. Upon delivery of the Vehicles, Lessee will make a prompt inspection and notify Lessor in writing of all defects and non-conformities. If no notification is received by Lessor within ten (10) days after delivery, it will be conclusively established between the parties that the Vehicles were delivered in good condition and was so accepted by Lessee. If requested by Lessor, Lessee will execute a Delivery and Acceptance Acknowledgement in a form satisfactory to Lessor. Any delay in delivery of the Vehicles will not affect the validity of this Lease.

# EXHIBIT 1

DocuSign Envelope ID: AADB1CD4-C71E-40FE-8E39-1A8AB3768DAF

**WallWork**
**FINANCIAL**

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

5.  Lessor shall have the right to inspect the Vehicles at all reasonable times and to enter upon any premises where the Vehicles are located for the purpose of inspecting it. Lessee shall notify Lessor, from time to time, of the location of the Vehicles if they are not kept at Lessee's address shown on the Lease.

6.  The Vehicles shall be used principally in the United States and only in the usual course of Lessee's business. The Vehicles shall only be operated by Lessee's agents or employees holding a valid license authorizing the operation of the vehicle and covered by Lessee's insurance policy. Lessee shall comply with all federal, state and local laws and regulations governing the operation of the Vehicles.

Vehicles shall be registered in the appropriate state jurisdiction in Lessor's name, with Lessee responsible for the annual renewal of the registration, including payment of all taxes, fees and costs related thereto. Lessee shall provide evidence of renewal immediately to Lessor. Lessee shall also maintain, and provide Lessor evidence thereof, all necessary permits required for the operation of the Vehicles.

Lessee shall indemnify Lessor, and hold Lessor harmless from any damages, costs, fees, fines, penalties or taxes which Lessee may be obligated to pay related to the Vehicles or the operation thereof, and shall immediately reimburse Lessor upon demand for any amounts so paid, as well as the premiums for insurance obtained by Lessor if Lessee fails to maintain the requisite insurance coverage.

If any Vehicles are confiscated, impounded or attached by any public authority such action shall be a breach of this Lease unless Lessee immediately takes action and secures a return of the Vehicles.

No loss of possession or availability for use shall relieve Lessee from the obligation to perform the terms and conditions of this Lease, including the payment of all installments of rent when due.

7.  Lessee, at Lessee's expense, shall procure and maintain the following insurance coverage's:

   a.  Comprehensive and collision damage on the Vehicles for the actual cash value with a deductible not greater than $5000.00 (unless approved in writing by the Lessor) and with Lessor named as a loss payee; and

   b.  Primary bodily injury and property damage liability insurance with not less than One Million Dollars ($1,000,000) combined single limit with Lessor named as an additional insured. Notwithstanding the above, in no event shall Lessee procure or maintain insurance with limits less than those required to comply with the requirements of all governmental authorities.

   c.  Non-trucking (Bobtail) bodily injury and property damage liability insurance with not less than One Million Dollars ($1,000,000) combined single limit with Lessor named as an additional insured. Notwithstanding the above, in no event shall Lessee procure or maintain insurance with limits less than those requirements to comply with the requirements of all governmental authorities.

All insurance shall be written in a company satisfactory to Lessor and provide that the insurance shall not be invalidated as to Lessor by any act, omission, or neglect of Lessee, and providing that the insurance will not be canceled without at least thirty (30) days' prior written notice to Lessor. Lessee shall furnish copies of policies or certificates of insurance to Lessor and shall notify Lessor immediately in writing of any accident involving the Vehicles, and shall cooperate fully with Lessor and all insurance companies in the investigation, prosecution and defense of claims. Lessee appoints Lessor as Lessee's attorney-in-fact to make claim for, receive payments of, and execute and endorse all documents or drafts for loss or damage under any such insurance policies.

The proceeds of such insurance, at Lessor's option, shall be applied either toward the replacement or repair of the Vehicles or toward the payment of any obligations of Lessee under this Lease. If Lessee fails to procure and/or maintain insurance as required by this Lease, Lessor shall have the right, but not the obligation, to secure such insurance. If Lessor procures such insurance, Lessee shall pay Lessor the cost thereof with the next rental payment.

8.  If the Vehicles are new, the only warranty applicable to the Vehicles is the manufacturer's warranty and Lessor makes no warranty to Lessee beyond that contained in the manufacturer's warranty. Lessee acknowledges receipt of the manufacturer's warranty covering any new Vehicles. If the Vehicles are used, it is accepted by Lessee "AS IS" and "WITH ALL FAULTS", and without warranty of any kind unless set forth in the Schedule.

DocuSign Envelope ID: AADB1CD4-C71E-40FE-8E39-1A8AB7620A1B

**Wallwork**
FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

THE WARRANTY REFERRED TO IN THIS PARAGRAPH, IF ANY, IS THE ONLY WARRANTY, APPLICABLE TO THE VEHICLES. LESSOR EXPRESSLY DISCLAIMS ANY WARRANTIES OR CONDITIONS OTHERWISE IMPLIED BY LAW INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. THE REMEDIES UNDER SUCH WARRANTY SHALL BE THE ONLY REMEDIES AVAILABLE TO LESSEE OR ANY OTHER PERSON. LESSOR SHALL NOT BE LIABLE FOR LOSS OF USE OF THE EQUIPMENT, LOSS OF TIME, INCONVENIENCE, OR OTHER CONSEQUENTIAL DAMAGES. IF ANY IMPLIED WARRANTIES ARE APPLICABLE TO THE VEHICLES, THE DURATION OF SUCH WARRANTY SHALL NOT EXTEND BEYOND ANY WRITTEN WARRANTY APPLICABLE TO THE VEHICLES.

Any claim for breach of warranty shall be made directly against the manufacturer of the Vehicles and not against Lessor. Notwithstanding any warranty claim, Lessee shall not be relieved of its obligations under this Lease and shall continue to make rental payments to Lessor.

**Any loss of use of the Vehicle because of needed repairs, whether covered by warranty or not, shall not relieve the Lessee of the obligation to pay rent or any other obligation under this Lease.**

9. No Vehicles shall be marked or permanently altered by installation of equipment without Lessor's written permission. If such permission is given, the expense of restoring the Vehicles to its original condition shall be paid by Lessee. Lessee shall pay the cost of conforming the Vehicles to any federal, state, or municipal requirements. Lessee shall pay for all fuel, oil, repairs, parts, tires, tubes, batteries, accessories, services, maintenance and all other items of similar nature necessary for the operation of the Vehicles and shall repair all damage to the Vehicles at is own expense. Lessee shall discharge all liens attaching to the Vehicles created or incurred by Lessee or its agents. Lessee shall pay all personal property, excise, sales or use taxes, license fees, and all other taxes now or hereafter in effect during the Lease imposed by any governmental authority by reasons of the use or operation of the Vehicles. Lessee shall pay any federal Vehicles use tax owing with respect to the Vehicles. All attachments and accessories to the Vehicles, whether a part of the Vehicles at the commencement of the Lease or thereafter added by either Lessor or Lessee, shall become a part of the Vehicles and shall not be detached or removed without Lessor's written permission.

10. During the term of this Lease, Lessee shall furnish Lessor with annual financial statements within 120 days after the end of Lessee's fiscal year and shall furnish periodically during the Lease term such other financial information as Lessor may from time to time request. Lessee warrants that all financial information furnished to Lessor at any time is true and correct and that they fairly represent the financial condition of Lessee for the periods involved. Lessee agrees to provide Lessor any new or changed address, phone number, cell phone number, fax number, or email address.

11. Upon termination of the Lease, Lessee at Lessee's expense shall return the property in good condition and repair to Lessor at its place of business in Fargo, ND, or to such other place as may be designated by Lessor, in the same condition as delivered to Lessee, ordinary wear and tear excepted.

12. A default under this Lease means Lessee's failure to make any payment due Lessor when due; failure to keep any other agreement in the Lease, including but not limited to the Lessee's failure to title and license the Vehicles and/or procuring and maintaining the required insurance; the furnishing of materially untrue financial information; or the commencement of any bankruptcy or insolvency proceedings involving Lessee. If a default occurs, Lessor may pursue any remedy provided by law or the Lease, including but not limited to any or all of the following:

   a. Terminate the Lease.

   b. Declare the entire amount of rent for the entire Lease term, less unearned leasing charges, and other sums due Lessor under the Lease immediately due and payable.

   c. Take possession of the Vehicles without notice and regardless of location without court order. Taking of possession shall not terminate this Lease. Lessee waives any damage caused by such taking of possession.

   d. Require Lessee to purchase the Vehicles. If requested by Lessor, Lessee shall purchase the Vehicles for cash at a price determined by multiplying the monthly rental by the number of months remaining in the Lease term, adding any delinquent rentals, the residual value of the Vehicles, any expenses incurred by Lessor, including but not limited to license fees, heavy Vehicles use tax, sales or use tax, insurance premium or other amounts owing by Lessee because Lessor paid the same, and subtracting therefrom any unearned leasing charges. If Lessee fails to purchase the Vehicles, Lessor may re-lease or sell the Vehicles. If sold, the sale may be public or private and may be at wholesale to a dealer. If the net proceeds of sale or lease (gross proceeds less expenses of Lessor in preparing and holding the property for disposition and all expenses of disposition) are less than the amount owing as determined herein, such deficiency shall constitute part of Lessor's damages and be promptly paid by Lessee.

   e. Lessor may, at its option, retain the Vehicles in lieu of all damages caused by Lessee's default. Lessor shall not be deemed to have exercised this option unless Lessee is so notified in writing.

DocuSign Envelope ID: AADB1CD4-C71E-40FE-8E39-1A8AB7620A44

**Wallwork**
**FINANCIAL**

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

   f.   If Lessee fails to return the Vehicles to Lessor at the expiration of the Lease, the residual value of the Vehicles will be added to all other amounts due Lessor. Lessee will pay rent at the monthly rental rate stated on the Schedule until the Vehicles are returned to Lessor. This provision shall not be construed to be a right of renewal, or to authorize Lessee to retain the Vehicles after the expiration of the Lease. The residual value is shown on the Schedule.

13. This Agreement is a Lease and not a Security Agreement. Lessee has no interest in the Vehicles except as Lessee. Lessee is not an agent of the Lessor. Unless shown on the Schedule or an attachment to this Lease, Lessee has no option to purchase the Vehicles. Lessor is authorized to file this Lease as a financing statement, or other notice with any filing officer or otherwise make the Lease a matter of public record. Lessee will execute all documents requested by Lessor to effectuate the filing of such notice.

14. Lessee shall not assign, transfer, trade in, or sublease its rights under this Lease without Lessor's written permission, which permission may be withheld by Lessor for any reason or for no reason, solely within its direction. Lessee will not encumber the Vehicles or permit it to become encumbered. The Lease shall not become effective until accepted by Lessor at its place of business shown on the Lease.

15. If Lessee is Lessee under two or more Leases or schedules attached to this Master Lease, a default under one Lease or schedule shall be a default under all Leases/Schedules, and any monies received by Lessor under any Lease may be applied by Lessor to any Lease then in effect.

16. Lessor may pledge or assign this Lease as security for a loan from a lending institution which, under the terms of the Loan Agreement may have the right to demand an assignment of this Lease to the lender. In the event this Lease is assigned, Lessee agrees, upon demand from the assignee, to make all future rent payments to assignee without any assertion of right of set off or other claim against Lessor. Lessee agrees that any claim against Lessor based on the Vehicles or performance under this Lease will only be resolved with Lessor. Lessee represents and warrants this Lease is the sole agreement between Lessor and Lessee and there are no other agreements or representations, written or oral, between the parties.

17. Lessee warrants that the Vehicles are leased and will be exclusively for business purposes only and will not be used for personal, family or household purposes. If more than one Lessee is named in this Lease, the liability of each shall be joint and several.

18. Miscellaneous:

   a.   Neither the failure of either party to insist upon the performance of any term of this Lease, or to exercise any right conferred by the Lease, nor the waiver of any term or right, shall be construed as thereafter waiving any such term or right.

   b.   Nothing herein contained, either in the method of computing rent or otherwise, shall create between the parties hereto, or be relied upon others as creating, any relationship of partnership, association, joint venture, or otherwise. The sole relationship of the parties hereto shall be that of Lessor and Lessee.

   c.   Collection Costs/Attorney's Fees- Except where prohibited by law, Lessee agrees to pay all costs of collection, including reasonable attorney's fees, sales tax, expenses, and court costs, if Lessee is in default or if Lessee contests the validity of this Lease as being a "true lease".

   d.   In the event the Lessee is a corporation, a limited liability company, a partnership or other business entity, the parties executing this Lease on behalf of the Lessee hereby covenant, warrant and guarantee that the Lessee is in good standing and fully qualified as such a business entity and that it has taken all steps necessary to qualify it in the jurisdictions in which it does business and that those parties executing this Lease have full and complete authority to bind the Lessee to the obligations herein contained.

   e.   The terms and agreements contained in this Lease shall apply to, run in favor of and shall be binding upon and inure to the benefit of the parties hereto, and their respective successors and assigns.

   f.   Lessee acknowledges that there are no oral agreements or representations between the parties affecting this Lease and this Lease supersedes and cancels any and all previous negotiations, arrangements, agreements, representations, and understandings between the parties with respect to the subject matter of this Lease.

   g.   Time is of the essence as to all terms and conditions of this Lease.

DocuSign Envelope ID: AADB1CD4-C71E-40FE-8E39-1A8EB7E24B8E



401 38ᵗʰ Street SW
P.O. Box 628
Fargo, ND 58107-0628

h.  Lessee and Lessor hereby expressly waive any right to trial by jury of any claim, demand, action or cause of action (i) arising under this Lease, including, without limitation, any present or future modification to the Lease, or (ii) in any way connected with or related or incidental to the dealings of the Lessee and the Lessor or any of them with respect to this Lease or any other instrument, document or agreement executed or delivered in connection with the Lease and the transactions related thereto. The Lessee specifically agrees and consents that the Lessor may file an original counterpart or copy of this section with any court as written evidence of the consent of the Lessee to the waiver of any right Lessee might otherwise have to trial by jury.

i.  This Lease contains the entire agreement between the parties and may not be modified except by a writing signed by the parties. Any action by either party concerning the Lease shall be venued in the courts of the state of North Dakota and the parties hereby submit to the personal jurisdiction of the Courts of North Dakota, both federal and state, in any action with respect to the Lease and agree that any state Court action shall be venued in either the District Court of Cass, North Dakota, or Federal District Court in Fargo, North Dakota. Any provision which is in conflict with any applicable law shall be deemed, omitted, modified or altered to conform thereto. The invalidity of any portion of the Lease shall not affect the remaining portions.

j.  Governing Law- This lease shall be governed by and construed in accordance with the laws of the State of North Dakota regardless of the laws that might otherwise govern under applicable principles of conflicts of law.

**Lessee:**  H5 Transport, LLC
**Address:**  322 11th Street North
Apt 9
Oakes, North Dakota 58474

| | | | | |
|---|---|---|---|---|
| **Signature:** | _Lonnie Helgerson_ (DocuSigned by: C70B8513AA4C4BB...) | | **Signature:** | |
| **Date:** | April 29, 2021 | | **Date:** | April 29, 2021 |
| **Soc Sec # or Tin #:** | 83-1198584 | | **Soc Sec # or Tin #:** | 83-1198584 |
| **Phone:** | 727-455-0056 | | **Phone:** | |
| **Cell Phone:** | | | **Cell Phone:** | |
| **Fax:** | | | **Fax:** | |
| **Email:** | lonnieh@h5trans.com | | **Email:** | |

**Lessor:**  Wallwork Financial Corporation
401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

**Signature:** _[DocuSigned by: 13EC9FDE07C0472...]_

**Title:**  General Manager

**Date:**

DocuSign Envelope ID: AADB1CD4-C71E-40FE-8E39-1A8ABE7...
This is a retention copy of the Electronic Original... document... as the Contract Manager (EOD™) Service.

**Wallwork** FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Schedule of Vehicle Description and Payment Terms

#20792-001

**Name of Lessee**
H5 Transport, LLC
322 11th Street North
Apt 9
Oakes, North Dakota  58474

The following additional terms are a part of a Motor Vehicles Master Lease between Lessor and
Lessee dated: **April 29, 2021**

| **\* See Attached "Equipment Schedule" dated April 29, 2021\*** |
| --- |

The following values and terms are applicable to the unit(s) described above.

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| 1. | Original Value | $195,395.00 | 5. | Number of Monthly Payments | 54 |
| 2. | Monthly Rental Payment | $3,615.50 | 6. | Residual Value | $29,250.00 |
| 3. | Sales Tax | $0.00 | 7. | Security Deposit | |
| 4. | Total Monthly Payment (2 + 3) | $3,615.50 | | | |
| | Payment Starts:  June 1, 2021 | | | | |

**Date:** April 29, 2021
**Lessee:** H5 Transport, LLC

**Lessor:** Wallwork Financial Corporation
P.O. Box 628
401 38th Street SW
Fargo, ND 58107-0628

By: _Lonnie Helgerson_
C70B8513A4C4B8...

By: _Jeff J. Suge_
13EC9FDE07C0472...

By: _____

Title: General Manager

This retention copy was created on May 07, 2021 09:39:12 AM for Wallwork Financial Corporation.

This is a retention copy of an Electronic Original® document managed by the eCore® On Demand (eDe…

DocuSign Envelope ID: AADB1CD4-C71E-40FE-8E39-1A89F520A44



401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

# Equipment Schedule

#20792-001

**Name of Lessee**
H5 Transport, LLC
322 11th Street North
Apt 9
Oakes, North Dakota  58474

| Description | Serial Number |
|---|---|
| 1. Used 2020 Vanguard Dry Van Semi-Trailer | 5V8VA5322LM009497 |
| 2. Used 2020 Vanguard Dry Van Semi-Trailer | 5V8VA5325LM009493 |
| 3. Used 2020 Vanguard Dry Van Semi-Trailer | 5V8VA5329LM009495 |
| 4. Used 2020 Vanguard Dry Van Semi-Trailer | 5V8VA5324LM009498 |
| 5. Used 2020 Vanguard Dry Van Semi-Trailer | 5V8VA5321LM009507 |
| 6. Used 2020 Vanguard Dry Van Semi-Trailer | 5V8VA532XLM009487 |

**Date:** April 29, 2021

The rights of Lessee in and to the Vehicles/Equipment shall be subject and subordinate to the rights of any assignee of Lessor

**H5 Transport, LLC- Lessee**

By: _Lonnie Helgerson_
C70B8513AAC4C4BB...

By: _____

**Wallwork Financial Corporation - Lessor**

By: _____
13EC9FDE07C0472...

This retention copy was created on May 07, 2021 09:39:12 AM for Wallwork Financial Corporation.


**Wallwork**
**FINANCIAL**

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Schedule Regarding Terminal
## Rental Adjustment Clause

**Name of Lessee**                                                                 #20792-001
H5 Transport, LLC
322 11th Street North
Apt 9
Oakes, North Dakota  58474

The following additional terms are a part of a Motor Vehicles Master Lease between Lessor and Lessee dated:
April 29, 2021 .

1.  In accordance with Section 7701(h) of the Internal Revenue Code of 1986, under penalty of perjury,
    Lessee hereby certifies that it intends that more than fifty percent (50%) of the use of the Motor
    Vehicle(s) is to be in a trade or business of Lessee.

2.  At the expiration of the initial term of the Lease according to its terms (and not on account of default or
    otherwise), the Motor Vehicle(s) will be sold by Lessor and the proceeds of sale distributed as follows:

    (A)  To reimburse Lessor for the cost of putting the Vehicle(s) in a condition to be
         sold, sales commissions, legal fees, expenses of repossession, and all other
         expenses of sale.

    (B)  The balance to Lessor up to the amount of $  $29,250.00.

    (C)  Any remaining balance to Lessee as an adjustment to rent previously paid.

3.  If the Proceeds are less than the sum of items (A) and (B) above, Lessee shall pay to Lessor the
    deficiency as additional rent, but in any event not more than $ $29,250.00.

4.  Any amount paid to or by Lessee pursuant to this Schedule shall be the "Terminal Rental Adjustment."

5.  Lessor shall be treated as the owner of the Vehicle(s) for federal income tax purposes.

**Date:** April 29, 2021
**Lessee:** H5 Transport, LLC                          **Lessor:** Wallwork Financial Corporation
                                                                401 38th Street SW
                                                                P.O. Box 628
                                                                Fargo, ND 58107-0628

By: _Lonnie Helgerson_____        By: _Phil J. Shirek_____
    C70B8513AA4C4BB...                              13EC9FDE07C0472...

By: _____        Title:  General Manager

This retention copy was created on May 07, 2021 09:39:12 AM for Wallwork Financial Corporation.

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

DocuSign Envelope ID: AADB1CD4-C71E-40FE-8E39-1A2AB7F20A4F

**Wallwork**
FINANCIAL

401 38th Street SW
P.O. Box 628
Fargo, ND 58107-0628

## Delivery and Acceptance

**Name of Lessee**                                                                              #20792-001
H5 Transport, LLC
322 11th Street North
Apt 9
Oakes, North Dakota  58474

With respect to a Lease between Lessor and Lessee dated  April 29, 2021 , Lessee hereby certifies and represents to Lessor as follows:

1. **Delivery Acknowledgment**.  Lessee acknowledges that the vehicle(s) described in the Lease was delivered on and that pursuant to the terms of the Lease; monthly rental payments are due on the same day of each month following the delivery date.

2. **Acceptance Acknowledgement**.  Lessee acknowledges that the vehicle(s) was received in good condition and is in good operating condition and is acceptable to Lessee. Lessee approves payment by Lessor to the supplier.

**Date:** April 29, 2021
**Lessee:**  H5 Transport, LLC

By: _Lonnie Helgerson_
DocuSigned by:
CF088513AD4C4BB...

By: _____



# NOTICE OF DEFAULT

August 11, 2025

Attn: Lonnie Helgerson
H5 Transport, LLC
322 11th Street North Apt 9
Oakes, North Dakota 58474

RE:   **20792-001** and **20792-002**

Your lease obligation(s) outstanding to Wallwork Financial Corporation as referenced above are past due in the amount of **$3,615.50** including accrued late fees, collection fees, and NSF Fees. The original payment(s) were due on **08/01/2025 (20792-001)** remains past due.

Please contact **Luke Ronsberg** to arrange for payment on your account(s) no later than **08/15/2025.** Otherwise, Wallwork Financial Corporation will have no other option but to terminate the lease(s) and seek possession of its **equipment.** If the equipment is repossessed and sold, you will be responsible for any deficiency.

As stated under the Cross Collateral Agreement, a default under any Account by the Debtor shall be deemed a default by the Debtor under all Accounts, and Wallwork, at its discretion, may exercise default rights under all Accounts in the event of a default by the debtor under one.

We encourage you to resolve this problem by bringing your account(s) current. If you fail to cooperate and Wallwork Financial terminates the lease(s), you will be responsible for all deficient balances, costs of collection and repossession.

Regards,

*Luke Ronsberg*

Luke Ronsberg

Credit Analyst

**Wallwork Financial | 401 38th Street S**
**(701)476-7444** phone | **(866)726-7899** t

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____          Postmark
☐ Certified Mail Restricted Delivery $ _____          Here
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To  HS Transport LLC
Street and Apt. No., or PO Box No.  PO Box 12, Oakes ND 58474
City, State, ZIP+4®

PS Form 3800, January 2023

# EXHIBIT 2



# REDEMPTION NOTICE

August 19, 2025

Attn: Lonnie Helgerson
H5 Transport, LLC
322 11th Street North Apt. 9
Oakes, North Dakota 58474

**RE: ACCOUNTS: 20792-001 and 20792-002**
**Equipment:**      2020 Kenworth T680 Semi-Tractor VIN: 1XKYD49X3LJ392554
2020 Vanguard Dry Van Semi-Trailer VIN: 5V8VA5322LM009497
2020 Vanguard Dry Van Semi-Trailer VIN: 5V8VA5329LM009495
2020 Vanguard Dry Van Semi-Trailer VIN: 5V8VA5321LM009507
2020 Vanguard Dry Van Semi-Trailer VIN: 5V8VA532XLM009487

To whom it may concern,

This letter is to inform you that the equipment pledged against the lease(s) with Wallwork Financial Corporation, listed above, has been repossessed or voluntarily returned. The total payoff amount owed on your debt for this equipment is **$142,234.92.** You have 10 days from the date you receive this notice to satisfy your obligation to Wallwork Financial Corporation and redeem the equipment above. After the 10-day period expires, the equipment will be made available for sale or sold at public auction. Once the equipment listed above has been sold, the sales proceeds will be deducted from your payoff and any deficiency will be due on demand. The final payoff may be subject to change from the payoff provided above due to additional or unforeseen costs during the remarketing process. We will provide an accounting of this unpaid balance if requested in writing. If applicable, IRS form 1099 will be issued for the amount that becomes uncollectable.

We are still seeking possession of the following equipment on Account **20792-001**
**Equipment:**      2020 Vanguard Dry Van Semi-Trailer VIN: 5V8VA5325LM009493
2020 Vanguard Dry Van Semi-Trailer VIN: 5V8VA5324LM009498

We would appreciate your cooperation
Wallwork Financial Corporation. Any ad
to the deficiency balance owed, to inclu

Respectfully,

Justin Pavek

Chief Credit Officer

**Wallwork Financial | 401 38th Street SV
(701)476-7444** phone **| (866)726-7899** to





EXHIBIT 3



# REDEMPTION NOTICE

August 26, 2025

Attn: Lonnie Helgerson
H5 Transport, LLC
322 11th Street North Apt. 9
Oakes, North Dakota 58474

**RE: ACCOUNTS: 20792-001 and 20792-002**
    **Equipment:**    **2020 Vanguard Dry Van Semi-Trailer VIN: 5V8VA5325LM009493**
                    **2020 Vanguard Dry Van Semi-Trailer VIN: 5V8VA5324LM009498**

To whom it may concern,

This letter is to inform you that the equipment pledged against the lease(s) with Wallwork Financial Corporation, listed above, has been repossessed or voluntarily returned. The total payoff amount owed on your debt for this equipment is **$147,712.25.** You have 10 days from the date you receive this notice to satisfy your obligation to Wallwork Financial Corporation and redeem the equipment above. After the 10-day period expires, the equipment will be made available for sale or sold at public auction. Once the equipment listed above has been sold, the sales proceeds will be deducted from your payoff and any deficiency will be due on demand. The final payoff may be subject to change from the payoff provided above due to additional or unforeseen costs during the remarketing process. We will provide an accounting of this unpaid balance if requested in writing. If applicable, IRS form 1099 will be issued for the amount that becomes uncollectable.

Respectfully,

Justin Pavek

Chief Credit Officer

**Wallwork Financial | 401 38th Street S\**
**(701)476-7444** phone | **(866)726-7899** to



EXHIBIT 4

LEGAL DOCUMENT - KEEP IN A SAFE PLACE

## CERTIFICATE OF TITLE FOR A VEHICLE
NORTH DAKOTA DEPARTMENT OF TRANSPORTATION

SFN 2875 (Rev. 11-2019)

ND DEPT. OF TRANSPORTATION
MOTOR VEHICLE DIVISION
608 E BOULEVARD AVE
BISMARCK ND 58505-0780
Telephone: (701) 328-2725

| VIN | YEAR MODEL | YEAR REGISTERED | MAKE | BODY STYLE | MODEL |
|---|---|---|---|---|---|
| 5V8VA532XLM009487 | 2020 | 2019 | VAN GUARD TRAIL | VAN, VAN TRAILER | MAXCUBE |

| OWNER(S) NAME | TITLE NUMBER | VEHICLE TYPE | SHIPPING WEIGHT | DATE ISSUED |
|---|---|---|---|---|
| WALLWORK FINANCIAL - LESSOR H5 TRANSPORT LLC - LESSEE | ND16354304 | TRAILER | 0 | 6/8/2021 |

| ODOMETER READING | ODOMETER STATUS |
|---|---|
| | EXEMPT |

MAIL TO:  WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

### PART 1. ASSIGNMENT AND WARRANTY OF TITLE (DELIVER TITLE TO BUYER WITHIN 15 DAYS FROM DATE OF SALE)

| Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessor, Trust): | ☐ Driver's License ☐ FEIN | Telephone Number |
|---|---|---|

| Mailing Address | City | State | ZIP Code | County |
|---|---|---|---|---|

| Co-Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessee, Trust): | ☐ Driver's License ☐ FEIN | Telephone Number |
|---|---|---|

| Mailing Address | City | State | ZIP Code | County |
|---|---|---|---|---|

Check One:  ☐ Or  ☐ And  ☐ And/Joint Tenants with Right of Survivorship

| Purchase Date (Mo., Day, Year) | Purchase Price |
|---|---|

**Odometer Disclosure:** Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked: ☐ Mileage stated in excess of its mechanical limits. ☐ Odometer reading is not the actual mileage (warning *odometer discrepancy)

Odometer Reading _____ NO TENTHS

| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
|---|---|---|---|
| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
| Hand-Printed Name(s) of Seller(s)/Transferor(s) | Daytime Telephone No. | Hand-Printed Name(s) of Applicant(s)/Buyer(s)/Transferee(s) | |

#### LEGAL TITLE OWNER (LIENHOLDER)
Any lien recorded in the office of the Department of Transportation is shown below. The lien holder named is and shall remain legal owner of the vehicle until the encumbrance is released or satisfied.

WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

I certify that the applicant has complied with the requirements of Title 39 of the North Dakota Century Code relative to the issuance of a certificate of title for a vehicle.

_Robert Rehborg_
Deputy Director for Driver Safety

**LIEN RELEASE - ALL INTERESTS IN THE VEHICLE DESCRIBED ABOVE ARE RELEASED.**

| Lienholder Name | |
|---|---|
| Signature of Agent | Date (Mo., Day, Year) |

R352742

THE DEPARTMENT OF TRANSPORTATION IS NOT RESPONSIBLE FOR FALSE OR FRAUDULENT STATEMENTS MADE IN THE ASSIGNMENT OF THE CERTIFICATE OF TITLE.

SFN 2875 (11-2019)

ERASURES, ALTERATIONS OR MUTILATIONS VOID THIS TITLE

# EXHIBIT 5

# CERTIFICATE OF TITLE FOR A VEHICLE

NORTH DAKOTA DEPARTMENT OF TRANSPORTATION

SFN 2875 (Rev. 11-2019)

ND DEPT. OF TRANSPORTATION
MOTOR VEHICLE DIVISION
608 E BOULEVARD AVE
BISMARCK ND 58505-0780
Telephone: (701) 328-2725

| VIN | YEAR MODEL | YEAR REGISTERED | MAKE | BODY STYLE | MODEL |
|---|---|---|---|---|---|
| 5V8VA5325LM009493 | 2020 | 2019 | VAN GUARD TRAIL | VAN, VAN TRAILER | MAXCUBE |

| OWNER(S) NAME | TITLE NUMBER | VEHICLE TYPE | SHIPPING WEIGHT | DATE ISSUED |
|---|---|---|---|---|
| WALLWORK FINANCIAL - LESSOR H5 TRANSPORT LLC - LESSEE | ND570395648 | TRAILER | 0 | 6/1/2021 |

ODOMETER READING

ODOMETER STATUS
EXEMPT

MAIL TO: WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628



## PART 1. ASSIGNMENT AND WARRANTY OF TITLE (DELIVER TITLE TO BUYER WITHIN 15 DAYS FROM DATE OF SALE)

| Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessor, Trust): | | ☐ Driver's License ☐ FEIN | | Telephone Number | |
|---|---|---|---|---|---|
| Mailing Address | City | State | ZIP Code | County | |
| Co-Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessee, Trust): | | ☐ Driver's License ☐ FEIN | | Telephone Number | |
| Mailing Address | City | State | ZIP Code | County | |

Check One: ☐ Or ☐ And ☐ And/Joint Tenants with Right of Survivorship

Purchase Date (Mo., Day, Year)

Purchase Price

**Odometer Disclosure:** Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked: ☐ Mileage stated is in excess of its mechanical limits. ☐ Odometer reading is not the actual mileage (**warning *odometer discrepancy**)

Odometer Reading

NO TENTHS

| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
|---|---|---|---|
| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
| Hand-Printed Name(s) of Seller(s)/Transferor(s) | Daytime Telephone No. | Hand-Printed Name(s) of Applicant(s)/Buyer(s)/Transferee(s) | |

### LEGAL TITLE OWNER (LIENHOLDER)

Any lien recorded in the office of the Department of Transportation is shown below. The lien holder named is and shall remain legal owner of the vehicle until the encumbrance is released or satisfied.

WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

I certify that the applicant has complied with the requirements of Title 39 of the North Dakota Century Code relative to the issuance of a certificate of title for a vehicle.

*Robert Rehborg*

Deputy Director for Driver Safety

**LIEN RELEASE - ALL INTERESTS IN THE VEHICLE DESCRIBED ABOVE ARE RELEASED.**

Lienholder Name

Signature of Agent

Date (Mo., Day, Year)

**THE DEPARTMENT OF TRANSPORTATION IS NOT RESPONSIBLE FOR FALSE OR FRAUDULENT STATEMENTS MADE IN THE ASSIGNMENT OF THE CERTIFICATE OF TITLE.**

SFN 2875 (11-2019)

R350090

# CERTIFICATE OF TITLE FOR A VEHICLE

NORTH DAKOTA DEPARTMENT OF TRANSPORTATION

SFN 2875 (Rev. 11-2019)

ND DEPT. OF TRANSPORTATION
MOTOR VEHICLE DIVISION
608 E BOULEVARD AVE
BISMARCK ND 58505-0780
Telephone: (701) 328-2725

| VIN | YEAR MODEL | YEAR REGISTERED | MAKE | BODY STYLE | MODEL |
|---|---|---|---|---|---|
| 5V8VA5329LM009495 | 2020 | 2019 | VAN GUARD TRAIL | VAN, VAN TRAILER | MAXCUBE |

| OWNER(S) NAME | TITLE NUMBER | VEHICLE TYPE | SHIPPING WEIGHT | DATE ISSUED |
|---|---|---|---|---|
| WALLWORK FINANCIAL - LESSOR H5 TRANSPORT - LESSEE | ND174558208 | TRAILER | 0 | 6/8/2021 |

ODOMETER READING

ODOMETER STATUS
EXEMPT

MAIL TO:  WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

## PART 1. ASSIGNMENT AND WARRANTY OF TITLE (DELIVER TITLE TO BUYER WITHIN 15 DAYS FROM DATE OF SALE)

| Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessor, Trust): | | ☐ Driver's License ☐ FEIN | Telephone Number | |
|---|---|---|---|---|
| Mailing Address | City | State | ZIP Code | County |
| Co-Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessee, Trust): | | ☐ Driver's License ☐ FEIN | Telephone Number | |
| Mailing Address | City | State | ZIP Code | County |

Check One: ☐ Or  ☐ And  ☐ And/Joint Tenants with Right of Survivorship | Purchase Date (Mo., Day, Year) | Purchase Price

**Odometer Disclosure:** Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked: ☐ Mileage stated is in excess of its mechanical limits. ☐ Odometer reading is not the actual mileage (warning *odometer discrepancy)

Odometer Reading | NO TENTHS

| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
|---|---|---|---|
| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
| Hand-Printed Name(s) of Seller(s)/Transferor(s) | Daytime Telephone No. | Hand-Printed Name(s) of Applicant(s)/Buyer(s)/Transferee(s) | |

### LEGAL TITLE OWNER (LIENHOLDER)

Any lien recorded in the office of the Department of Transportation is shown below. The lien holder named is and shall remain legal owner of the vehicle until the encumbrance is released or satisfied.

WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

I certify that the applicant has complied with the requirements of Title 39 of the North Dakota Century Code relative to the issuance of a certificate of title for a vehicle.

*Robert Rehborg*

Deputy Director for Driver Safety

**LIEN RELEASE - ALL INTERESTS IN THE VEHICLE DESCRIBED ABOVE ARE RELEASED.**

Lienholder Name

| Signature of Agent | Date (Mo., Day, Year) |
|---|---|

R352743

**THE DEPARTMENT OF TRANSPORTATION IS NOT RESPONSIBLE FOR FALSE OR FRAUDULENT STATEMENTS MADE IN THE ASSIGNMENT OF THE CERTIFICATE OF TITLE.**

SFN 2875 (11-2019)

ERASURES, ALTERATIONS OR MUTILATIONS VOID THIS TITLE

# CERTIFICATE OF TITLE FOR A VEHICLE

NORTH DAKOTA DEPARTMENT OF TRANSPORTATION

SFN 2875 (Rev. 11-2019)

**LEGAL DOCUMENT ... KEEP IN A SAFE PLACE**

ND DEPT. OF TRANSPORTATION
MOTOR VEHICLE DIVISION
608 E BOULEVARD AVE
BISMARCK ND 58505-0780
Telephone: (701) 328-2725

| VIN | YEAR MODEL | YEAR REGISTERED | MAKE | | BODY STYLE | | MODEL |
|---|---|---|---|---|---|---|---|
| 5V8VA5322LM009497 | 2020 | 2019 | VAN GUARD TRAIL | | VAN, VAN TRAILER | | MAXCUBE |

**OWNER(S) NAME**
WALLWORK FINANCIAL - LESSOR H5 TRANSPORT LLC - LESSEE

| TITLE NUMBER | VEHICLE TYPE | SHIPPING WEIGHT | DATE ISSUED |
|---|---|---|---|
| ND1601801216 | TRAILER | 0 | 6/14/2021 |

ODOMETER READING

ODOMETER STATUS
EXEMPT

**MAIL TO:** WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

---

## PART 1. ASSIGNMENT AND WARRANTY OF TITLE (DELIVER TITLE TO BUYER WITHIN 15 DAYS FROM DATE OF SALE)

Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessor, Trust):

☐ Driver's License ☐ FEIN    Telephone Number

| Mailing Address | City | State | ZIP Code | County |
|---|---|---|---|---|

Co-Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessee, Trust):

☐ Driver's License ☐ FEIN    Telephone Number

| Mailing Address | City | State | ZIP Code | County |
|---|---|---|---|---|

Check One: ☐ Or ☐ And ☐ And/Joint Tenants with Right of Survivorship

Purchase Date (Mo., Day, Year)    Purchase Price

**Odometer Disclosure:** Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked: ☐ Mileage stated is in excess of its mechanical limits. ☐ Odometer reading is not the actual mileage **(warning *odometer discrepancy)**

Odometer Reading    NO TENTHS

| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
|---|---|---|---|
| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
| Hand-Printed Name(s) of Seller(s)/Transferor(s) | Daytime Telephone No. | Hand-Printed Name(s) of Applicant(s)/Buyer(s)/Transferee(s) | |

### LEGAL TITLE OWNER (LIENHOLDER)

Any lien recorded in the office of the Department of Transportation is shown below. The lien holder named is and shall remain legal owner of the vehicle until the encumbrance is released or satisfied.

WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

I certify that the applicant has complied with the requirements of Title 39 of the North Dakota Century Code relative to the issuance of a certificate of title for a vehicle.

*Robert Rehborg*

Deputy Director for Driver Safety

**LIEN RELEASE - ALL INTERESTS IN THE VEHICLE DESCRIBED ABOVE ARE RELEASED.**

Lienholder Name

| Signature of Agent | Date (Mo., Day, Year) |
|---|---|

R362420

**THE DEPARTMENT OF TRANSPORTATION IS NOT RESPONSIBLE FOR FALSE OR FRAUDULENT STATEMENTS MADE IN THE ASSIGNMENT OF THE CERTIFICATE OF TITLE.**

SFN 2875 (11-2019)

# CERTIFICATE OF TITLE FOR A VEHICLE

NORTH DAKOTA DEPARTMENT OF TRANSPORTATION

SFN 2875 (Rev. 11-2019)

ND DEPT. OF TRANSPORTATION
MOTOR VEHICLE DIVISION
608 E BOULEVARD AVE
BISMARCK ND 58505-0780
Telephone: (701) 328-2725

| VIN | YEAR MODEL | YEAR REGISTERED | MAKE | BODY STYLE | MODEL |
|---|---|---|---|---|---|
| 5V8VA5324LM009498 | 2020 | 2019 | VAN GUARD TRAIL | VAN, VAN TRAILER | MAXCUBE |

| OWNER(S) NAME | TITLE NUMBER | VEHICLE TYPE | SHIPPING WEIGHT | DATE ISSUED |
|---|---|---|---|---|
| WALLWORK FINANCIAL - LESSOR H5 TRANSPORT LLC - LESSEE | ND791940096 | TRAILER | 0 | 6/14/2021 |

ODOMETER READING

ODOMETER STATUS
EXEMPT

MAIL TO:
WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

## PART 1. ASSIGNMENT AND WARRANTY OF TITLE (DELIVER TITLE TO BUYER WITHIN 15 DAYS FROM DATE OF SALE)

Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessor, Trust): ☐ Driver's License ☐ FEIN   Telephone Number

Mailing Address | City | State | ZIP Code | County

Co-Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessee, Trust): ☐ Driver's License ☐ FEIN   Telephone Number

Mailing Address | City | State | ZIP Code | County

Check One: ☐ Or ☐ And ☐ And/Joint Tenants with Right of Survivorship | Purchase Date (Mo., Day, Year) | Purchase Price

**Odometer Disclosure:** Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked: ☐ Mileage stated is in excess of its mechanical limits. ☐ Odometer reading is not the actual mileage (**warning *odometer discrepancy**)

Odometer Reading | NO TENTHS

| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
|---|---|---|---|
| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
| Hand-Printed Name(s) of Seller(s)/Transferor(s) | Daytime Telephone No. | Hand-Printed Name(s) of Applicant(s)/Buyer(s)/Transferee(s) | |

### LEGAL TITLE OWNER (LIENHOLDER)

Any lien recorded in the office of the Department of Transportation is shown below. The lien holder named is and shall remain legal owner of the vehicle until the encumbrance is released or satisfied.

WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

I certify that the applicant has complied with the requirements of Title 39 of the North Dakota Century Code relative to the issuance of a certificate of title for a vehicle.

*Robert Rehborg*

Deputy Director for Driver Safety

**LIEN RELEASE - ALL INTERESTS IN THE VEHICLE DESCRIBED ABOVE ARE RELEASED.**

Lienholder Name

Signature of Agent | Date (Mo., Day, Year)

**THE DEPARTMENT OF TRANSPORTATION IS NOT RESPONSIBLE FOR FALSE OR FRAUDULENT STATEMENTS MADE IN THE ASSIGNMENT OF THE CERTIFICATE OF TITLE.**

SFN 2875 (11-2019)

R362422

# CERTIFICATE OF TITLE FOR A VEHICLE
NORTH DAKOTA DEPARTMENT OF TRANSPORTATION

SFN 2875 (Rev. 11-2019)

ND DEPT. OF TRANSPORTATION
MOTOR VEHICLE DIVISION
608 E BOULEVARD AVE
BISMARCK ND 58505-0780
Telephone: (701) 328-2725

| VIN | YEAR MODEL | YEAR REGISTERED | MAKE | BODY STYLE | MODEL |
|---|---|---|---|---|---|
| 5V8VA5321LM009507 | 2020 | 2019 | VAN GUARD TRAIL | VAN, VAN TRAILER | MAXCUBE |

| OWNER(S) NAME | TITLE NUMBER | VEHICLE TYPE | SHIPPING WEIGHT | DATE ISSUED |
|---|---|---|---|---|
| WALLWORK FINANCIAL - LESSOR H5 TRANSPORT LLC - LESSEE | ND2094593024 | TRAILER | 0 | 6/14/2021 |

ODOMETER READING

ODOMETER STATUS
EXEMPT

MAIL TO:
WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

## PART 1. ASSIGNMENT AND WARRANTY OF TITLE (DELIVER TITLE TO BUYER WITHIN 15 DAYS FROM DATE OF SALE)

Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessor, Trust):  ☐ Driver's License  ☐ FEIN   Telephone Number

Mailing Address        City          State    ZIP Code    County

Co-Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessee, Trust):  ☐ Driver's License  ☐ FEIN   Telephone Number

Mailing Address        City          State    ZIP Code    County

Check One: ☐ Or  ☐ And  ☐ And/Joint Tenants with Right of Survivorship   Purchase Date (Mo., Day, Year)   Purchase Price

**Odometer Disclosure:** Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked: ☐ Mileage stated is in excess of its mechanical limits. ☐ Odometer reading is not the actual mileage (**warning *odometer discrepancy**)

Odometer Reading

NO TENTHS

| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
|---|---|---|---|
| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
| Hand-Printed Name(s) of Seller(s)/Transferor(s) | Daytime Telephone No. | Hand-Printed Name(s) of Applicant(s)/Buyer(s)/Transferee(s) | |

### LEGAL TITLE OWNER (LIENHOLDER)
Any lien recorded in the office of the Department of Transportation is shown below. The lien holder named is and shall remain legal owner of the vehicle until the encumbrance is released or satisfied.

WALLWORK FINANCIAL
PO BOX 628
FARGO ND 58107-0628

I certify that the applicant has complied with the requirements of Title 39 of the North Dakota Century Code relative to the issuance of a certificate of title for a vehicle.

*Robert Rehborg*

Deputy Director for Driver Safety

LIEN RELEASE - ALL INTERESTS IN THE VEHICLE DESCRIBED ABOVE ARE RELEASED.

Lienholder Name

Signature of Agent                Date (Mo., Day, Year)

**THE DEPARTMENT OF TRANSPORTATION IS NOT RESPONSIBLE FOR FALSE OR FRAUDULENT STATEMENTS MADE IN THE ASSIGNMENT OF THE CERTIFICATE OF TITLE.**

SFN 2875 (11-2019)

R362418