UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy No.: 25-30409 |
| H5 Transport, LLC | ) Chapter 11 – Subchapter V |
| | ) |

**ORDER CONFIRMING ABSENCE OF AUTOMATIC STAY**

On November 14, 2025, Wallwork Financial Corporation ("Wallwork") moved the Court for an Order Confirming Absence of Automatic Stay. Doc. 66. In support of the motion Wallwork filed Declaration of Justin Pavek Doc. 67. Specifically, Wallwork requested the Court enter an Order confirming that that six semi-trailers which were leased from Wallwork to H5 Transport, LLC ("H5 Transport") and which were surrendered by H5 Transport to Wallwork after H5 Transport defaulted on its lease obligations, and before H5 Transport filed for bankruptcy protection, are not part of the bankruptcy estate, and may be disposed of by Wallwork. Id. H5 Transport filed a Reply of No Objection to the Motion. Doc. 72. No other party has filed a response to the Motion.

In 2021, Wallwork leased to H5 Transport the following vehicles:

1. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA532XLM009487
2. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5325LM009493
3. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5329LM009495
4. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5322LM009497
5. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5324LM009498
6. Used 2020 Vanguard Dry Van Semi-Trailer 5V8VA5321LM009507

(collectively, the "Trailers"). Doc. 67.

Following a default, H5 Transport returned the Trailers to Wallwork. Id. On August 19 and August 26, 2025, Wallwork issued Redemption Notices to H5 Transport stating

that if H5 Transport did not satisfy its past due obligations under the lease within ten days, Wallwork would dispose of the Trailers, apply the sale proceeds to H5 Transport's past due lease payments, and seek payment from H5 Transport of any deficiency. Id.

H5 Transport did not make any further payments to Wallwork. Id. At the time H5 Transport petitioned for bankruptcy protection on September 16, 2025, Wallwork had not disposed of the Trailers. Id. Wallwork has remained the registered owner and title holder of the Trailers at all relevant times. Id. Wallwork has remained in possession of each of the Trailers since receiving them from H5 Transport. Id.

A Chapter 11 trustee or debtor in possession may assume any executory contract or unexpired lease. 11 U.S.C. § 365. A lease that has been terminated prior to the filing of a bankruptcy petition is not property of the estate, and the lessee's interest in a terminated lease is not protected by the automatic stay. *See, e.g.*, *In re T.A.C. Group, Inc.*, 294 B.R. 199, 202 (Bankr. D. Mass. 2003), *citing* 11 U.S.C. §§ 362(b)(10), 41(b)(2) (other citations omitted). "Interpretation of the provisions of a lease is a question of law which depends on applicable state law." *Id.* at 202 (internal citation omitted).

Under North Dakota law, cancellation of an equipment lease "occurs when either party puts an end to the lease contract for default by the other party." N.D.C.C. § 41-02.1-03(1)(b). "On cancellation of the lease contract, all obligations that are still executory on both sides are discharged[.]" N.D.C.C. § 41-02.1-53(1).

Wallwork affirmatively put an end to its lease with H5 Transport when Wallwork issued its final Redemption Notice on August 26, 2025, and demanded payment within ten days. When H5 Transport filed its bankruptcy petition on September 16, 2025, it had no executory interest in the lease, and the Trailers were not part of the estate.

**IT IS ORDERED:**

Wallwork's motion to confirm the absence of the automatic stay is granted. The Court confirms that the Trailers are not Estate property, H5 Transport has no interest in the lease or the Trailers, and Wallwork may use, sell, or otherwise dispose of the Trailers. This Order does not grant Wallwork any relief in relation to any other property. Notwithstanding Fed. R. Bankr. P. 4001(a)(4), this order is effective immediately.

Dated: *December 9, 2025*

s/ William J. Fisher
_____
William J. Fisher
United States Bankruptcy Judge