UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:  H5 Transport, LLC                                                                CASE NO.  25-30409

Debtor.                                                                                              CHAPTER 11

OBJECTION TO APPLICATION TO APPROVE EMPLOYMENT OF THEODORE RAMAGE
AS LITIGATION COUNSEL

1. Steven B. Nosek, in his capacity as the Subchapter V Trustee, appointed in the above-referenced case ("Trustee"), objects to the Application to approve employment of Theodore Ramage and O'Keefe O'Brien Lyson, Ltd as Litigation Counsel, Doc. 90 ("Application") filed on January 19, 2026 by the debtor, H5 Transport, LLC. ("Debtor").

2. The Trustee objects to the Application as set forth below.

3. **Litigation subject to the lien of Starion Bank.** The Debtor's schedules, Doc. 1 at page 18 describes the litigation against Wallwork ("Wallwork litigation") as follows, and indicates that the litigation proceeds are subject to assignment to Starion Bank:

> H5 Transport, LLC v. Wallwork Truck Center, Inc., et al.,
> Civil No. 3:24-CV-00045-ARS, U.S. District Court for the
> District of North Dakota. Subject to assignment to Starion
> Bank. Unknown
> **Amount requested** $95,000.00

4. **The claim is subject to offset and a counterclaim.** The Debtor's schedules at Doc. 1, page 27, lists a unsecured claim of Wallwork Financial as disputed, not subject to offset and in the amount of $142,234.92.

5. **No update relating to the Wallwork Litigation.** The Application fails to provide a description of the litigation or an update of the Wallwork Litigation. The complaint was filed in 2024, as evidenced by the filing number of 3-24-CV-00045-ARS. Who was the previous counsel?  Did the previous counsel quit? What is the basis for the counterclaim? What is the status of the litigation?

6. **The Wallwork Litigation is mentioned in the Plan.** The most recent plan filed, the First Amended Plan filed on December 23, 2025 (Doc. 86) ("Plan").  Debtor's counsel has circulated a draft of a plan that is further modified, but that plan has not yet been filed.

7. **Wallwork Litigation.** Page 3 of the Plan discusses the Wallwork litigation, but fails to explain the basis for the litigation. Does Wallwork have a claim against the estate? Is there a counterclaim? What is the status of the litigation.  There are other issues relating to this litigation

1

described below. See the reference to a fund for this litigation of $50k as set forth in the financial projections at Doc 86-1, page 1.

8. **Wallwork Litigation subject to the secured claim of Starion Bank.** Page 7 of the Plan refers to the Wallwork Litigation. The Plan seems to waffle as to whether or not Starion Bank has a lien in the proceeds of this litigation. At a minimum it appears that Starion is asserting a claim in this litigation. It appears that this $95k claim against Wallwork increases the secured claim of Starion Bank, and now the Debtor is agreeing to fund this litigation, when the Debtor will not even receive the proceeds, if any, of the litigation? This makes no sense, particularly where the unsecured creditors could receive no payment under the Plan or at best a very nominal payment. There is no reason for the Debtor to fund this litigation. This litigation should be dismissed, or the Debtor can ask Starion Bank to fund this litigation. Exhibit A to the Plan, Doc 86-1 at page 1 shows a litigation reserve of $50k. I understand that this is for the Wallwork Litigation. These funds should be paid to the unsecured creditors.

9. **The math does not work.** Why would you invest $50k (if not more) to fund a claim that is disputed and subject to a counterclaim, where the maximum amount of the claim is $95k and where the claim and the proceeds are subject to a lien in favor of Starion Bank?

10. I have relayed my concerns relating to the Wallwork Litigation several times to Debtor's counsel and suggested that the Debtor dismiss the litigation. Instead, Debtor's counsel filed an Application to retain new litigation counsel at the Debtor's expense.

**WHEREFORE,** Trustee requests the Court deny approval of the Application for the reasons as set forth in this Objection.

**STEVEN B. NOSEK, P.A.**

Dated: February 2, 2026.

s/ *Steven B. Nosek*
Steven B. Nosek, Subchapter V Trustee
Attorney Bar No. 79960 (MN)
10285 Yellow Circle Drive
Hopkins, MN 55343
(612) 335-9171
snosek@noseklawfirm.com

**VERIFICATION**

I, Steven B. Nosek, Subchapter V Trustee, named in the foregoing document, declares under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: February 2, 2026

s/ *Steven B. Nosek*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:     BKY No.: 25-30409
Chapter 11

H5 Transport, LLC

    Debtor.

## CERTIFICATE OF SERVICE

I, Steven B. Nosek, declare under penalty of perjury that on February 2, 2026, the following parties were served a copy of the **OBJECTION TO APPLICATION TO APPROVE EMPLOYMENT OF THEODORE RAMAGE AS LITIGATION COUNSEL,** dated February 2, 2026, by United States First Class Mail or ECF as indicated below:

| | | |
|---|---|---|
| Debtor<br>H5 Transport, LLC<br>322 11th St. N.<br>Apt 9<br>Oakes. ND 58474 | Christianna A. Cathcart<br>Debtor's counsel via ECF | Maurice VerStandig<br>Debtor's counsel via ECF |
| United States Trustee<br>Via ECF | Colin Kreuzinger,<br>Counsel for the UST, via ECF | Sarah J. Wencil<br>Counsel for the UST, via ECF |
| John M Krings, Jr. on behalf of Creditor Starion Bank, via ECF | Caren Stanley on behalf of Creditor Valley Tire, LLC, via ECF | Jared A Ullman on behalf of Creditor TBK Bank, SSB, via ECF |

**STEVEN B. NOSEK, P.A.**

Dated: February 2, 2026.

s/ *Steven B. Nosek*
Steven B. Nosek, Subchapter V Trustee
Attorney Bar No. 79960
10285 Yellow Circle Drive
Hopkins, MN 55343
(612) 335-9171
snosek@noseklawfirm.com

3