**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

H5 Transport, LLC                                    Bankr. No. 25-30409

Debtor.                                              Chapter 11

**OBJECTION TO APPLICATION TO APPROVE EMPLOYMENT OF THEODORE RAMAGE, ESQ. AND O'KEEFFE O'BRIEN LYSON LTD AS LITIGATION COUNSEL**

Mary R. Jensen, Acting United States Trustee for Region 12 ("UST"), files this objection to the debtor's application noted in the caption above:

1. The application does not appear to be in the best interest of the bankruptcy estate because it appears unlikely that the estate will receive any financial benefit from continued litigation.

2. The Bankruptcy Code permits the trustee[1] to employ an attorney for a specified special purpose. *See* 11 U.S.C. § 327(e). The Court may approve the employment only if it is in the best interest of the estate. *See id.*

3. Here, the employment does not appear to be in the best interest of the estate. The debtor proposes to pay counsel between $135 and $275 per

---

[1] A chapter 11 debtor in possession enjoys most of the same powers as a chapter 11 trustee, including the power to employ professionals under Section 327. *See* 11 U.S.C. § 1107(a).

hour to litigate a $95,000 claim against Wallwork Truck Center, Inc. ("Wallwork") on behalf of the estate.  Without additional facts, the employment might be plausible.  But the debtor also scheduled a $142,234.92 disputed claim in favor of Wallwork on its bankruptcy schedules.  (*See* Am. Schedules, #74, at 16.)  In addition, the debtor indicated in its chapter 11 plan that Starion Bank may have a lien in the litigation proceeds.  (*See* First Am. Chapter 11 Small Business Subchapter V Plan, #86, at 6-8.)  So to the extent the litigation is successful, the debtor may ultimately spend property of the bankruptcy estate to litigate a claim that redounds to the sole benefit of Starion Bank.  As the subchapter V trustee succinctly stated: "The math does not work."

4. For all of those reasons, the Court should not approve the application.


Dated:  February 2, 2026

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
Region 12

s/ Colin Kreuziger
Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1360
Colin.Kreuziger@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

H5 Transport, LLC                                    Bankr. No. 25-30409

    Debtor.                                          Chapter 11

## CERTIFICATE OF SERVICE

Colin Kreuziger, an employee of the U.S. Department of Justice, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients. In addition, he caused service via first-class mail to the following entities:

H5 Transport, LLC
322 11th St. N., Apt 9
PO Box 72
Oakes, ND 58474

Dated:   February 2, 2026

/s/ Colin Kreuziger
Colin Kreuziger