## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

H5 Transport, LLC                                Bankr. No. 25-30409

    Debtor.                                  Chapter 11

---

## OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 11 PLAN

---

Mary R. Jensen, Acting United States Trustee for Region 12 ("UST"), files this objection to confirmation of the debtor's first amended chapter 11 plan ("Plan"):

1. The debtor's Plan is not feasible. The Court shall confirm a subchapter V chapter 11 plan if the debtor's plan meets all of the requirements of Section 1129 other than Section 1129(a)(15). *See* 11 U.S.C. § 1191(a). The Court shall also confirm a subchapter V chapter 11 plan if the debtor's plan meets all of the requirements of Section 1129 other than Section 1129(a)(8), (10), and (15), "if the plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." *See* 11 U.S.C. § 1191(b). Regardless of whether a subchapter V plan is confirmed under Section 1191(a) or Section 1191(b), the debtor must

show that "[c]onfirmation of the plan is not likely to be followed by liquidation, or the need for further financial reorganization, of the debtor . . . unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11).  In other words, the Court cannot confirm the plan unless it is feasible.  *See, e.g.*, *Diwan, L.L.C. v. Maha-Vishnu Corp.*, 848 F.3d 1147, 1149 (8th Cir. 2017) (noting that Section 1129(a)(11) test is referred to as "feasibility").  Feasibility is assessed by examining monthly operating reports and comparing them to the debtor's projections attached to its plan.  *See id.* at 1149-50 (recapping bankruptcy court's feasibility analysis).  In *Diwan*, the bankruptcy court specifically found that the debtor's cash flow projections "used an amount for expenses based on the bottom end of its historical range of costs of goods sold, which had fluctuated as much as $5,000 higher." *Id.* at 1150.  The Eighth Circuit observed that "[t]hese figures indicate that Diwan might not be able in some months to meet its operating expenses, let alone make plan payments to its creditors." *Id.*  Here, the debtor's monthly operating reports show losses in every month except October of 2025, which yielded a net cash flow of $2,226.  Over the course of this chapter 11 case, the debtor has lost a total of $15,903.40.  In contrast, the projections call for thousands of dollars a month in plan payments. There is simply no basis for the Court to find that the Plan is feasible.

2. The Plan does not set forth a clear liquidation analysis. The only analysis is contained in narrative format within the Plan, and it includes the "Wallwork litigation", which has now been abandoned. Thus, it would be impossible for the Court to make any required findings under Section 1129(a)(7). *See also* 11 U.S.C. § 1191(a)-(b).

3. The Plan does not state whether there are any priority tax claims.

4. The Plan does not adequately explain the treatment of the Class 1 creditor. For example, the Plan fails to identify the collateral for the claim or the required payments under the Plan.

5. The Plan does not adequately explain the treatment of the Class 2 creditor. The Plan does not explain the substance of the contemplated sale transaction, or the required monthly payments. It also references the Wallwork litigation, which has been abandoned.

6. The Plan does not adequately explain the treatment of the Class 3 creditor, including the amount of the monthly payments.

7. The Plan treats the Class 4 claim as an unsecured claim. The insurance contract, however, appears to be an executory contract.

8. The Plan also fails under Section 1129(a)(7) because Class 5 is guaranteed nothing. Thus, the Court cannot find that the plan will pay general unsecured creditors *more* than they would receive in a chapter 7 liquidation.

9. The Plan fails to state if any of the contracts to be assumed require cure payments.

10. The Plan references concurrent jurisdiction with Texas courts.

11. The projections reference a litigation reserve, but the Plan does not explain the reserve.

12. The Plan contains conflicting statements about its duration.  Section 3.03 provides an end date of September 16, 2030 for payments, and Section 9.01 appears to contemplate payments through December 2030.

13. For all of those reasons, the Court should deny confirmation.


Dated:  March 2, 2026                    MARY R. JENSEN
                                         ACTING UNITED
                                         STATES TRUSTEE
                                         Region 12

                                         s/ Colin Kreuziger
                                         Colin Kreuziger
                                         MN Atty. No. 0386834
                                         Trial Attorney
                                         United States Department of Justice
                                         1015 U.S. Courthouse
                                         300 South Fourth Street
                                         Minneapolis, MN 55415
                                         (612) 334-1360
                                         Colin.Kreuziger@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

In re:

**H5 Transport, LLC**                           **Bankr. No. 25-30409**

    **Debtor.**                           **Chapter 11**

---

## CERTIFICATE OF SERVICE

---

Colin Kreuziger, an employee of the U.S. Department of Justice, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.  In addition, he caused service via first-class mail to the following entities:

H5 Transport, LLC
322 11th St. N., Apt 9
PO Box 72
Oakes, ND 58474

Dated:   March 2, 2026

/s/ Colin Kreuziger
Colin Kreuziger