**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

H5 Transport, LLC,                                        Bankr. No. 25-30409

    Debtor.                                              Chapter 11

---

## NOTICE OF ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE

---

    Mary R. Jensen, Acting United States Trustee for Region 12 ("UST") has filed a motion to convert or dismiss this case for cause under 11 U.S.C. § 1112(b). **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

    Any response to the Motion must be filed and served no later than 21 days after the filing of this motion pursuant to Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

Dated:  March 25, 2026

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
Region 12

s/ Colin Kreuziger
Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1360
Colin.Kreuziger@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA**

**In re:**

**H5 Transport, LLC**                                                    **Bankr. No. 25-30409**

     **Debtor.**                                                        **Chapter 11**

---

**ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS OR
CONVERT CHAPTER 11 CASE**

---

Mary R. Jensen, Acting United States Trustee for Region 12 ("UST"),

moves to convert this chapter 11 case to chapter 7:

1. The UST has standing to bring this motion pursuant to 11 U.S.C. § 307

   and 28 U.S.C. § 586.  This matter is a core-proceeding arising under 28

   U.S.C. § 157(b)(2)(A).  This Court has jurisdiction pursuant to 28 U.S.C.

   § 1334.  This motion is brought pursuant to 11 U.S.C. § 1112(b)(1) .

   Section 1112(b)(a) provides that the Court may treat this motion as a

   motion to convert or dismiss if the Court finds one or the other remedy

   to be in the best interest of the creditors and the estate.  The UST

   requests that the case be converted.

2. The debtor is losing money and does not have the ability to confirm a

   chapter 11 plan.  The Bankruptcy Code directs the Court to convert or

   dismiss a chapter 11 case upon a showing of cause, unless the Court

determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b)(1). In addition, the Code directs that the Court may not convert or dismiss a chapter 11 case if it finds and specifically identifies unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate, and the debtor establishes that: (1) there is a reasonable likelihood of timely plan confirmation; (2) the grounds for conversion or dismissal do not include continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (3) there exists a reasonable justification for the act or omission of the debtor; and (4) the act or omission will be cured within a reasonable time fixed by the Court. *See id.* § 1112(b)(2). The Code defines "cause" to include: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *See id.* § 1112(b)(4)(A).

3. The debtor's monthly operating reports show that it has lost money every month that it has been in chapter 11, except for a small profit in October of 2025. (*See* Monthly Operating Report, #70, at 2; Monthly Operating Report, #71, at 2; Monthly Operating Report, #88, at 2; Monthly Operating Report, #94, at 2; Monthly Operating Report, #106, at 2; Monthly Operating Report, #112, at 2.) The debtor has lost money

every month from November of 2025 through February of 2026. (*See* Monthly Operating Report, #88, at 2; Monthly Operating Report, #94, at 2; Monthly Operating Report, #106, at 2; Monthly Operating Report, #112, at 2.)  On an annualized basis, the debtor is on pace to lose nearly $110,000.  The debtor also continues to incur administrative expenses, such as attorney fees and subchapter V trustee fees, that will result in additional losses.

4.  The debtor's current chapter 11 plan is not confirmable because the debtor lacks the ability to make the proposed plan payments.  In particular, the current plan provides for a large payment totaling over $142,000 in the first month following confirmation.  But the debtor does not have $142,000 in cash to make this payment; the most recent monthly operating report shows a cash balance of $121,178.26.  (*See* Monthly Operating Report, #112, at 2.)  So the debtor lacks sufficient cash to make the first plan payment, and it lacks sufficient cash flow to make plan payments after that.  Given the debtor's financial performance, there is no reasonable likelihood of rehabilitation.  For those reasons, the Court should find cause to convert this case.

5.  The Court should convert this case because the only hope of recovery for general unsecured creditors is avoidance actions.  Upon finding cause to convert or dismiss a chapter 11 case, the Code directs the Court to

choose the remedy that is in the best interests of creditors and the estate.

*See* 11 U.S.C. § 1112(b)(1).  The debtor's liabilities far exceed its assets.

Outside of bankruptcy, general unsecured creditors will receive nothing.

In chapter 7, there may be avoidance claims available to augment the

estate.  Conversion rather than dismissal is in the best interest of

creditors and the estate.

6. For all of those reasons, the Court should convert this case to chapter 7.

Dated:  March 25, 2026

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
Region 12

s/ Colin Kreuziger
Colin Kreuziger
MN Atty. No. 0386834
Trial Attorney
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1360
Colin.Kreuziger@usdoj.gov