**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

**H5 Transport, LLC**                                    **Bankr. No. 25-30409**

    **Debtor.**                                    **Chapter 11**

---

## OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 11 PLAN

---

Mary R. Jensen, Acting United States Trustee for Region 12 ("UST"), files this objection to confirmation of the debtor's first amended chapter 11 plan ("Plan"):

1. The debtor's Plan is not feasible.  The Court shall confirm a subchapter V chapter 11 plan if the debtor's plan meets all of the requirements of Section 1129 other than Section 1129(a)(15).  *See* 11 U.S.C. § 1191(a).  The Court shall also confirm a subchapter V chapter 11 plan if the debtor's plan meets all of the requirements of Section 1129 other than Section 1129(a)(8), (10), and (15), "if the plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." *See* 11 U.S.C. § 1191(b).  Regardless of whether a subchapter V plan is confirmed under Section 1191(a) or Section 1191(b), the debtor must

show that "[c]onfirmation of the plan is not likely to be followed by liquidation, or the need for further financial reorganization, of the debtor . . . unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). In other words, the Court cannot confirm the plan unless it is feasible. *See, e.g.*, *Diwan, L.L.C. v. Maha-Vishnu Corp.*, 848 F.3d 1147, 1149 (8th Cir. 2017) (noting that Section 1129(a)(11) test is referred to as "feasibility"). Feasibility is assessed by examining monthly operating reports and comparing them to the debtor's projections attached to its plan. *See id.* at 1149-50 (recapping bankruptcy court's feasibility analysis). In *Diwan*, the bankruptcy court specifically found that the debtor's cash flow projections "used an amount for expenses based on the bottom end of its historical range of costs of goods sold, which had fluctuated as much as $5,000 higher." *Id.* at 1150. The Eighth Circuit observed that "[t]hese figures indicate that Diwan might not be able in some months to meet its operating expenses, let alone make plan payments to its creditors." *Id.*

2. Here, the debtor's monthly operating reports show losses in every month except October of 2025, which yielded a net cash flow of $2,226. (*See* Monthly Operating Report, #70, at 2; Monthly Operating Report, #71, at 2; Monthly Operating Report, #88, at 2; Monthly Operating Report, #94, at 2; Monthly Operating Report, #106, at 2; Monthly

Operating Report, #112, at 2.)  Over the course of this chapter 11 case, the debtor has lost a total of $54,646.77.  (*See id.*)  The debtor has lost money every month from November of 2025 through February of 2026. (*See* Monthly Operating Report, #88, at 2; Monthly Operating Report, #94, at 2; Monthly Operating Report, #106, at 2; Monthly Operating Report, #112, at 2.)  On an annualized basis, the debtor is on pace to lose nearly $110,000.  In contrast, the projections call for thousands of dollars a month in plan payments.

3.  The plan also provides for a large payment totaling over $142,000 in the first month following confirmation.  But the debtor does not have $142,000 in cash to make this payment; the most recent monthly operating report shows a cash balance of $121,178.26.  (*See* Monthly Operating Report, #112, at 2.)  So the debtor lacks sufficient cash to make the first plan payment, and it lacks sufficient cash flow to make plan payments after that.  There is simply no basis for the Court to find that the Plan is feasible.

4.  The Plan also fails under Section 1129(a)(7) because Class 5 is guaranteed nothing.  Thus, the Court cannot find that the plan will pay general unsecured creditors *more* than they would receive in a chapter 7 liquidation.

For all of those reasons, the Court should deny confirmation.


Dated:  April 7, 2026                           MARY R. JENSEN
                                                ACTING UNITED
                                                STATES TRUSTEE
                                                Region 12

                                                s/ Colin Kreuziger
                                                Colin Kreuziger
                                                MN Atty. No. 0386834
                                                Trial Attorney
                                                United States Department of Justice
                                                1015 U.S. Courthouse
                                                300 South Fourth Street
                                                Minneapolis, MN 55415
                                                (612) 334-1360
                                                Colin.Kreuziger@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

**H5 Transport, LLC**                                    **Bankr. No. 25-30409**

    **Debtor.**                                          **Chapter 11**

---

## CERTIFICATE OF SERVICE

---

Colin Kreuziger, an employee of the U.S. Department of Justice, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.  In addition, he caused service via first-class mail to the following entities:

H5 Transport, LLC
322 11th St. N., Apt 9
PO Box 72
Oakes, ND 58474

Dated:   April 7, 2026

                         /s/ Colin Kreuziger
                         Colin Kreuziger