IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30409 |
| | ) | (Chapter 11) |
| H5 TRANSPORT, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF LONNIE HELGERSON IN FAVOR OF CONFIRMATION**

1.      My name is Lonnie Helgerson, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2.      I am the principal of H5 Transport, LLC (the "Debtor") and have been actively involved in its operations, financial affairs, and restructuring efforts throughout this case.

3.      H5 Transport, LLC is a limited liability company and is not a corporation or a natural person.

4.      I am familiar with the Debtor's Plan of Reorganization (the "Plan," as found at DE #108), filed in this case, and participated in the preparation and drafting thereof.

5.      Article 3 of the Plan designates classes of claims in this case and, to the best of my understanding and knowledge, and upon consultation with counsel, I believe the manner in which those designations are made is compliant with the dictates of title 11 of the United States Code (the "Bankruptcy Code").

6.      Based on my review of the Plan, the Plan specifies the treatment of each class of claims that is impaired thereunder.

7.      Based on my review of the Plan, the Plan provides for the same treatment for each claim or interest within each particular class.

8.      To the best of my knowledge, and upon consultation with counsel, I believe the Plan complies with applicable provisions of the Bankruptcy Code.

1

9.     To the best of my knowledge, and upon consultation with counsel, I believe the Debtor complies with applicable provisions of the Bankruptcy Code.

10.     I believe that efforts to confirm the Plan are rooted in a good faith belief that the Plan represents the optimal means of seeing to the payments of the claims of creditors, while also preserving the best interests of the Debtor's equity interests and maximizing the value of the Debtor's business.

11.     All payments made or to be made by the Debtor for services or for costs and expenses in connection with this case or the Plan have been approved by, or are subject to approval of, the Court as reasonable.

12.     I will continue to manage and operate the Debtor following confirmation of the Plan, and the Debtor's ownership structure will remain unchanged. I believe that such continued management is consistent with the interests of creditors and public policy.

13.     To the best of my knowledge, no government regulatory commission has jurisdiction over the rates charged by the Debtor.

14.     I believe that creditors will receive at least as much under the Plan as they would receive in a liquidation under Chapter 7 of the Bankruptcy Code.

15.     I believe the Plan does not discriminate unfairly and is fair and equitable with respect to each impaired class of claims or interests.

16.     The Plan provides for the payment of administrative expense obligations and all tax claims in accordance with the Bankruptcy Code and applicable law.

17.     All fees payable under 28 U.S.C. § 1930 have been paid or will be paid in accordance with the Plan.

18.     The projections appended to the Plan are rooted in the Debtor's historical operating data from its trucking operations, as reflected in its books, records, and monthly operating reports. These projections have been prepared with an emphasis on conservatism and with the objective of maximizing and expediting distributions to creditors. Based on the foregoing, together with my knowledge and experience operating the Debtor, I believe the projections are realistic in nature and reflect results that are more probable than not to be achieved. Further, I am confident that confirmation of the Plan will enable the Debtor to continue its operations and make the payments contemplated therein without the need for further reorganization or conversion of this case.

19.     Based upon my knowledge of the Debtor's operations, assets, and projected performance, I believe the Debtor will be able to carry out the Plan and make the payments contemplated therein, and that confirmation is not likely to be followed by liquidation or the need for further reorganization.

20.     The Debtor does not owe any retiree benefits.

21.     The Debtor does not owe any domestic support obligations.

22.     There do not exist any claims for contribution to an employee benefit plan.

23.     The Debtor is not now—and never has been—in the business of raising grain or engaging in fishing activities.

24.     Upon consultation with counsel for H5, it is my good faith belief that all transfers to be effectuated under the Plan will be so effectuated in accord with governing law.

25.     Further declarant sayeth naught.

*[Signature on Following Page]*

I declare under penalty of perjury that the foregoing is true and correct.

Executed On  4/14/2026

Signed by:

C70B8513AA4C4BB...

Lonnie Helgerson