United States Bankruptcy Court

District of North Dakota

In re:                                                                          Case No. 25-30409-wjf

H5 Transport, LLC                                                               Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

| District/off: 0868-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 15, 2026 | Form ID: pdf2some | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + H5 Transport, LLC, 322 11th St N, Apt 9, PO Box 72, Oakes, ND 58474-0072 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2026                    Signature:          /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Anthony J Anderson | on behalf of Interested Party Wallwork Financial Corporation ajanderson@cornerstone.bank  bbrunelle@nilleslaw.com |
| Caren Stanley | on behalf of Creditor Valley Tire  LLC cstanley@vogellaw.com, sthompson@vogellaw.com;lstanley@vogellaw.com;kjohnson@vogellaw.com |
| Christianna A. Cathcart | on behalf of Debtor H5 Transport  LLC christianna@dakotabankruptcy.com, Cathcart.ChristiannaB114029@notify.bestcase.com |
| Colin Kreuziger | on behalf of U.S. Trustee United States Trustee colin.kreuziger@usdoj.gov |
| Jared A Ullman | on behalf of Creditor TBK Bank  SSB jared.ullman@uulaw.net |
| John M Krings, Jr. | on behalf of Creditor Starion Bank john@kdlawpartners.com  janae@kdlawpartners.com |

District/off: 0868-3        User: admin        Page 2 of 2

Date Rcvd: May 15, 2026        Form ID: pdf2some        Total Noticed: 1

Maurice VerStandig

on behalf of Debtor H5 Transport  LLC mac@mbvesq.com,
mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Sarah J. Wencil

on behalf of U.S. Trustee United States Trustee sarah.j.wencil@usdoj.gov

Steven B Nosek

snosek@noseklawfirm.com

Steven B Nosek

on behalf of Trustee Steven B Nosek snosek@noseklawfirm.com

United States Trustee

USTPRegion12.SX.ECF@usdoj.gov


TOTAL: 11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:

H5 Transport, LLC,

Debtor.

_____/

Bankruptcy No. 25-30409
Chapter 11, Subchapter V

**ORDER CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF
REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11**

The Debtor filed its Subchapter V Plan of Reorganization on December 15, 2025, and served it with the Court's scheduling order and a ballot form on December 23, 2025. Docs. 79, 87. The Court received no objections to the plan.

On December 23, 2025, the Debtor filed its First Amended Subchapter V Plan of Reorganization. Doc. 86. On March 3, 2026, the Debtor filed its Second Amended Subchapter V Plan of Reorganization. Doc. 108. The United States Trustee objected to the Second Amended Subchapter V Plan, Doc. 116, but has withdrawn its objection. On April 30, 2026, the Debtor filed its Third Amended Subchapter V Plan of Reorganization. Ballots summarized were cast in connection with the Debtor's Second Amended Subchapter V Plan of Reorganization. Doc. 132. The modifications reflected in the Third Amended Plan do not materially and adversely change the treatment of any voting creditor or voting class. Although Starion Bank did not submit a formal ballot, counsel for Starion Bank advised by email that Starion Bank votes in favor of plan confirmation. On the record, Starion Bank also, in essence, requested that the Court accept its ballot on the record, and the Court accepts its ballot. The Debtor later filed an affidavit stating that each creditor who accepted the Second Amended Plan also has accepted, in writing, the Third Amended Plan. Doc. 138; see Fed. R. Bankr. P. 3019(a).

Based on the Third Amended Subchapter V Plan of Reorganization [Doc. 131], the plan exhibits, the Declaration of Loren Helgerson [Doc. 123-3] and other documents filed in this case, the Court also finds:

1. The Third Amended Subchapter V Plan of Reorganization includes a brief history of the Debtor's business operations, a liquidation analysis and projections showing the Debtor's ability to make payments under the plan.

2. The Third Amended Subchapter V Plan of Reorganization and the proponent of the Third Amended Subchapter V Plan of Reorganization comply with the applicable provisions of Chapter 11.

3. The Debtor is making its best efforts and has proposed the Third Amended Subchapter V Plan of Reorganization in good faith and not by any means forbidden by law.

4. The Debtor disclosed the identity and affiliations of individuals proposed to serve as director, officer or voting trustee after confirmation of the plan.

5. The liquidation analysis and other evidence establishes that, with respect to each impaired class, each holder of an Allowed Claim has voted to accept the Third Amended Subchapter V Plan, is deemed to have accepted the plan or will receive under the plan on account of such Allowed Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if the Debtor liquidated its assets on the Effective Date under Chapter 7 of

the Bankruptcy Code. As a result, the requirements of 11 U.S.C. § 1129(a)(7) and (8) are satisfied.

6. The Third Amended Subchapter V Plan of Reorganization complies with 11 U.S.C. § 1129(a)(9) and (10).

7. The Debtor will generate earnings or other income sufficient to meet its needs and make its proposed payments over the term of the plan. Accordingly, the plan is feasible, and confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization. The plan provides for appropriate remedies in the event the Debtor fails to make all the payments under the plan.

8. The term of the Third Amended Subchapter V Plan of Reorganization is reasonable and appropriate under the circumstances.

9. The Third Amended Subchapter V Plan of Reorganization is a consensual plan. There are three classes of claims. Class 1 is impaired and has accepted the plan. Class 2 is impaired and has accepted the plan. Class 3 consists of general unsecured claims by fourteen creditors totaling $1,588,467.24. Doc. 131-4. Three Class 3 creditors cast ballots, with two accepting and one rejecting the plan. The accepting Class 3 creditors hold claims totaling $1,238,889.73, and the rejecting Class 3 creditor holds a claim for $1,387.35. With more than half the ballots in favor of confirmation and more than two-thirds of the total claim dollars voting in favor of confirmation, the Court finds that Class 3 accepted the plan under 11 U.S.C. § 1126(c).

Accordingly, the Court finds cause for granting the Debtor's request to confirm the Third Amended Subchapter V Plan as a consensual plan under 11 U.S.C. § 1191(a).

10. Based on the terms of the plan, the Debtor will act as disbursing agent. The Subchapter V Trustee shall perform the other duties listed in section 1183(b).

11. The Third Amended Subchapter V Plan of Reorganization meets the other applicable requirements of 11 U.S.C. §§ 1129(a) and 1191.

12. The Court is not bound by legal conclusions included in the Third Amended Plan.

Accordingly, **IT IS ORDERED**:

1. Starion Bank's ballot is accepted.

2. The creditors who accepted the Second Amended Plan also accept the Third Amended Plan pursuant to Rule 3019.

3. The Debtor's Third Amended Subchapter V Plan of Reorganization [Doc. 131] is CONFIRMED under 11 U.S.C. § 1191(a).

4. Pursuant to 11 U.S.C. § 1141, the Debtor's debts are discharged immediately to the extent allowed under the Bankruptcy Code.

5. The Debtor shall file and serve a notice of substantial consummation as required by 11 U.S.C. § 1183(c)(2).

s/ William J. Fisher

Dated: May 15, 2026.          WILLIAM FISHER JUDGE
                              UNITED STATES BANKRUPTCY COURT

Copy served electronically May 15, 2026, to Attorney Christianna Cathcart for service.