IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30409 |
| | ) | (Chapter 11) |
| H5 TRANSPORT, LLC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**FINAL APPLICATION OF THE
DAKOTA BANKRUPTCY FIRM FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
IN CONNECTION WITH REPRESENTATION OF H5 TRANSPORT, LLC**

Come now Christianna A. Cathcart and The Dakota Bankruptcy Firm (collectively, "DBF"), counsel for the above-captioned debtor (the "Debtor" or "H5 Transport"), pursuant to Section 330 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for final allowance of compensation of (i) $42,120.00 in attorneys' fees; and (ii) reimbursement of $2,231.65 in expenses, and in support thereof state as follows:

**I.      Introduction**

This Subchapter V case, while relatively straightforward, nonetheless requires careful attention and consistent effort to guide H5 Transport, LLC through the essential stages of reorganization. From first-day motions to monthly operating reports, the Debtor navigated a number of practical complexities, including obtaining post-petition financing, debtor-in-possession account issues, and negotiating with secured creditors and the United States Trustee. Although multiple amendments of the plan of reorganization were necessary—each demanding close coordination with creditors and the trustee—the case ultimately culminated in the consensual confirmation of the Debtor's Third Amended Plan.

1

Now, with confirmation behind it and the Debtor transitioning into the post-confirmation phase, DBF seeks final allowance of compensation and reimbursement of expenses, as detailed in the time records appended hereto.

## II.      Recitations Pursuant to Applicable Law

1.      The services for which compensation is herein sought were performed between September 19, 2025, and May 18, 2026. Christianna A. Cathcart and Maurice VerStandig performed all billable work.

2.      No interim compensation was sought in this case. However, $9,938.00 was paid to DFT for pre-petition services and reimbursement of pre-petition expenses (including prepayment of the filing fee in this case).

3.      Complete time records for attorney work are appended hereto as Exhibit A. Portions of the time records have been redacted to protect privileged information from public disclosure. To the extent this Honorable Court believes it necessary to review the redacted time entries, so as to assess this application, DBF asks this application to be construed as a motion, pursuant to Local Rule 5005-3(A) and the ECF User's Manual, to file the subject records under seal.

4.      Records of expenses incurred are included in the time records appended hereto as Exhibits A.

5.      The compensation sought hereunder, if approved, will be paid (i) first from a retainer in the sum of $10,062.00 being held in trust, and (ii) second, through monthly payments, in accord with the Debtor's confirmed plan of reorganization.

6.      There is no agreement for DBF to share compensation with any third party, though (i) DBF is operated by the same professionals and laypersons as The VerStandig Law Firm, LLC, a law firm that is wholly owned by Maurice VerStandig; and (ii) fees earned by DBF are paid to

2

The VerStandig Law Firm, LLC and used to cover that entity's general overhead expenses, including salaries paid to non-attorney staff persons.

### III.   Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, DBF recorded all time in these matter in project categories. The time recorded – and compensation requested – for each such project category is as follows:

a. Case Administration – 107.3 Hours – $21,700.00

b. Plan and Disclosure Statement – 88.20 Hours – $17,640.00

c. Claims Administration – 0.00 Hours – $0.00

d. Fee and Employment Application – 13.90 Hours – $2,780.00

### IV.   Hourly Rate

Time has been billed in this case at the rate of $400.00 per hour for partner time and $200.00 per hour for associate time. This is the rate DBF often –albeit not always—charges to chapter 11 debtors in North Dakota, being premised upon (i) the rate normally charged by DBF's principal to debtors in other districts (typically between $450.00 and $600.00 per hour); (ii) the prevailing rate charged by other attorneys in this district (which, rather properly, tend to be lower than those assessed in other districts where DBF's principal frequently practices); (iii) the experience of DBF's principal; and (v) a generalized economic observation of the rates that the North Dakota market seems most inclined to support.

### V.   Description of Services Rendered

The time records appended hereto as Exhibit A contain a thorough description of all services rendered for which compensation is instantly sought. And many of those services are also well reflected on the docket of these cases, whether in the form of papers filed or the notation of

3

hearings attended. By way of a generalized description, however, DBF notes that services included the following:

a. Advising the Debtor regarding post-petition operations, Subchapter V compliance, debtor in possession account requirements, vendor issues, fuel account access, creditor communications, and ongoing reporting obligations

b. Advising the Debtor regarding post-petition operations, Subchapter V compliance, debtor in possession account requirements, vendor issues, fuel account access, creditor communications, and ongoing reporting obligations

c. Preparing for and appearing at status conferences, the initial debtor interview, the § 341 meeting of creditors, hearings on first day relief, hearings related to post petition financing and cash collateral, and confirmation hearings;

d. Reviewing, revising, and filing pleadings related to the Debtor's use of cash collateral and post-petition financing, including work on the factoring arrangement, proposed orders, budgets, stipulations, supporting declarations, and responses to issues raised by the United States Trustee and secured creditors;

e. Preparing and reviewing monthly operating reports, bank reconciliations, financial summaries, supporting exhibits, and other financial information necessary for compliance, feasibility analysis, and case administration;

f. Drafting, revising, and filing the Debtor's plans of reorganization, including amendments thereto, together with related projections, payment schedules, liquidation analyses, classification provisions, treatment of secured and unsecured claims, and supporting confirmation materials;

g.      Communicating and negotiating with secured creditors, the Subchapter V Trustee, the United States Trustee, the Debtor's principal, and other parties in interest regarding plan treatment, feasibility issues, objections, voting, and confirmation;

h.      Reviewing and responding to the United States Trustee's motion to dismiss or convert, including legal research, factual development, review of financial information, and preparation of supporting materials;

i.      Preparing materials related to plan solicitation and confirmation, including ballots, summaries of ballots, declarations, certificates of service, and communications regarding creditor acceptance of amended plan treatment;

j.      Representing the Debtor in connection with an uncontested confirmation hearing;

k.      Advising the Debtor on post-confirmation matters, including furnishing a detailed rundown of all forward-looking obligations and deadlines, so as to ensure the reorganized entity has optimal chances of succeeding.

## VI.    Conclusion

WHEREFORE, Christianna A. Cathcart and The Dakota Bankruptcy Firm respectfully pray this Honorable Court (i) finally approve $42,120.00 in attorneys' fees; (iii) finally approve $2,231.65 in reimbursable expenses; (iv) permit DBF to draw $10,062.00, from funds being held as a retainer in trust, toward payment of the foregoing fees and expenses; (iv) award The Dakota Bankruptcy Firm an administrative claim of $34,289.65 to be paid by the Debtor in accord with the confirmed plan of reorganization; and (v) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 21, 2026          By:   /s/Christianna A. Cathcart
                                   Christianna A. Cathcart, Esq.
                                   The Dakota Bankruptcy Firm
                                   1630 1st Avenue N
                                   Suite B PMB 24
                                   Fargo, North Dakota 58102-4246
                                   Phone: (701) 970-2770
                                   christianna@dakotabankruptcy.com
                                   *Reorganization Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May 2026, a copy of the foregoing was served electronically upon filing via the Court's ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), a copy of the notice of this Application, attached hereto as Exhibit B (but not the Application or other exhibits), was sent on this 21st day of May, 2026, via First Class Mail, postage prepaid, to all parties listed on the mailing matrix attached hereto as Exhibit C, *except* that no copy was mailed to (i) this Honorable Court; or (ii) The Dakota Bankruptcy Firm.

                                   /s/ Christianna A. Cathcart
                                   Christianna A. Cathcart