## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

H5 Transport, LLC                                    Bankr. No. 25-30409

    Debtor.                                          Chapter 11

---

## OBJECTION TO FINAL APPLICATION OF THE DAKOTA FIRM FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

---

Mary R. Jensen, Acting United States Trustee for Region 12 ("UST"), files this objection to the Dakota Firm's fee application noted in the caption above:

1. The Court should deny compensation for certain requested fees that: (1) were not reasonably likely to provide a benefit to the estate; (2) are unreasonable; or (3) are based upon time entries that lack sufficient detail to make a determination as to the reasonableness of the requested fees.

2. The Bankruptcy Code permits the Court to award "reasonable compensation" to "a professional person employed under section 327 . . . for actual, necessary services rendered by the . . . professional person."

*See* 11 U.S.C. § 330(a)(1).  A trustee[1] may employ a professional person.

*See id.* § 327(a).  The Code specifically prohibits an award of

compensation for:  "(i) unnecessary duplication of services; or (ii)

services that were not—(I) reasonably likely to benefit the debtor's

estate; or (II) necessary to the administration of the case."  *Id.*

§ 330(a)(4)(A).

3.  The Court approved the Dakota Law Firm's employment under Section

327(a), so Dakota Law Firm is entitled to reasonable compensation for

actual, necessary services.  It is not entitled to compensation for services

that were not reasonably likely to benefit the estate, or compensation

that is unreasonable or duplicative.  A discussion of the requested

compensation that should not be approved or should be reduced follows

below.

4.  Dakota Law Firm requested a total of $980 in compensation for its

efforts to employ litigation counsel in connection with a disputed claim

against Wallwork Truck Center.  These efforts were not reasonably likely

to benefit the debtor's estate because, as noted in the UST and the

subchapter V trustee's objections, Starion Bank had a lien on any

litigation proceeds.  Ultimately, the debtor withdrew the application for

---

[1] A chapter 11 debtor in possession enjoys most of the same powers as a chapter 11 trustee, including the power to employ professionals under Section 327.  *See* 11 U.S.C. § 1107(a).

that precise reason.  The requested compensation for those services should be denied.

5. Dakota Law Firm seeks compensation for $740, or 3.7 hours of time, in connection with the employment of the debtor's financial advisor.  This amount appears to be an unreasonable amount of time devoted to drafting and filing a simple employment application.  The award of compensation for those services should be reduced.

6. Dakota Law Firm seeks compensation of $3,280, or 16.4 hours of time, to draft and file an objection to the UST's motion to dismiss this chapter 11 case.  While the UST does not dispute that Dakota Law Firm's services were necessary to oppose the motion, the amount of time spent to draft an objection to an uncomplicated motion to dismiss is excessive and unreasonable.  In addition, a substantial portion of the filed objection is devoted to a frivolous legal argument.  The debtor argued that unusual circumstances exist that would preclude the Court from converting or dismissing the case notwithstanding the existence of cause under Section 1112(b)(4)(A).  (*See* Objection, #124, at 6-7.)  But that defense, which is codified at Section 1112(b)(2), is not available if the basis for a finding of cause is Section 1112(b)(4)(A), which was the only argument the UST made in the motion to dismiss.  So that portion of

the debtor's objection was unnecessary.  The Court should reduce the award of compensation accordingly.

7.  Dakota Law Firm seeks compensation of $17,640, or 88.2 hours of time, to draft and file a chapter 11 plan and three amended plans.  The time records indicate that Dakota Law Firm spent 13.8 hours of time drafting the original plan, and 74.4 hours of time drafting the various amended plans.  Respectfully, this is an excessive amount of time, particularly where the UST and the subchapter V trustee sent detailed comments with specific requests for amendments on more than one occasion to Dakota Law Firm.  Those requests were sometimes ignored until after formal objections were filed or confirmation hearings held.  For example, the UST filed substantially the same objection under Section 1129(a)(7) on two occasions, and the issue was not remedied until the Third Amended Plan was filed and confirmed.  Moreover, the issue was raised after the debtor filed the First Amended Plan, and it was not remedied until the debtor filed the Third Amended Plan.  Other issues were similarly raised before formal objections were filed, but Dakota Law Firm failed to remedy the issues, thus necessitating the filing of additional plans and causing the Court to conduct additional confirmation hearings.  For all of those reasons, the requested amount

of compensation is not reasonable, and the Court should reduce the award of compensation accordingly.

8. Dakota Law Firm appears to have included duplicate entries for services performed on September 29, 2025 in connection with an appearance at the hearing on first-day motions. The duplicative request should not be approved because it is not reasonable to pay Dakota Law Firm twice for the same services.

9. Dakota Law Firm has completely redacted multiple time entries on the following dates: October 1, 2025; October 11, 2025; October 29, 2025; October 30, 2025; December 29, 2025. It cannot be determined whether those requests for compensation of $580 (2.9 hours) are reasonable because no information is visible. No compensation should be awarded for those time entries because none of the parties or the Court can effectively review the requested compensation.

*—Remainder of page intentionally left blank—*

10. For all of those reasons, the Court should reduce the requested fee award.


Dated:  June 10, 2026                          MARY R. JENSEN
                                               ACTING UNITED
                                               STATES TRUSTEE
                                               Region 12

                                               s/ Colin Kreuziger
                                               Colin Kreuziger
                                               MN Atty. No. 0386834
                                               Trial Attorney
                                               United States Department of Justice
                                               1015 U.S. Courthouse
                                               300 South Fourth Street
                                               Minneapolis, MN 55415
                                               (612) 334-1360
                                               Colin.Kreuziger@usdoj.gov

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

**H5 Transport, LLC**                                      **Bankr. No. 25-30409**

          **Debtor.**                                      **Chapter 11**

---

## CERTIFICATE OF SERVICE

---

Colin Kreuziger, an employee of the U.S. Department of Justice, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.  In addition, he caused service via first-class mail to the following entities:

H5 Transport, LLC
322 11th St. N., Apt 9
PO Box 72
Oakes, ND 58474

Dated:   June 10, 2026

                                          /s/ Colin Kreuziger
                                          Colin Kreuziger