IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30409 |
| | ) | (Chapter 11) |
| H5 TRANSPORT, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**H5 TRANSPORT'S OBJECTION TO APPLICATION FOR
ALLOWANCE OF COMPENSATION FOR SUBCHAPTER V TRUSTEE**

Comes now H5 Transport, LLC ("H5 Transport" or the "Reorganized Debtor"), by and through undersigned counsel, in objection to the Application for Allowance of Compensation for Subchapter V Trustee (the "Application," as found at DE #149), filed by Steven B. Nosek, in his capacity as Subchapter V Trustee (the "Trustee"), and states as follows:

This Application is, on its face, a modest one—$480.00 in fees and $62.88 in expenses, for a total of $542.88, covering the period of June 1, 2026, through June 30, 2026. Per Exhibit A to the Application, however, the entirety of the 1.2 hours billed during the period consists of two entries: 0.8 hours to "Prepare, file and serve SBN Fee Application," and 0.4 hours to "Review Pleadings and Court Order." The first entry concerns the Trustee's prior fee application; the second identifies neither the pleadings nor the order reviewed. Taken together, the Application asks the estate to bear charges arising from the Trustee's pursuit of compensation and an unidentified review of unidentified papers, all upon a record too thin to permit meaningful scrutiny.

Section 330(a)(1) of Title 11 of the United States Code (the "Bankruptcy Code") provides that "the court may award to a trustee . . . reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1). The Court considers the nature, extent, and value of the services, the time and rate charged, and whether the services were necessary or beneficial when rendered. 11 U.S.C. § 330(a)(3). Rule 2016(a) likewise requires a detailed statement of the services, time,

1

and expenses. Fed. R. Bankr. P. 2016(a). The applicant bears the burden of proof. *In re Grabanski*, No. 10-30902, 2013 Bankr. LEXIS 1613, at *15-16 (Bankr. D.N.D. Apr. 19, 2013).

The Application does not carry that burden as to the $320.00 entry. The charge concerns the Trustee's own prior fee application and commingles professional drafting with filing and service. It allocates no time among those functions and charges the Trustee's full $400.00 hourly rate for all such work. The Court therefore cannot identify what portion, if any, reflects compensable professional work. This Court has previously declined to award compensation for materially similar billing entries. See *Grabanski*, 2013 Bankr. LEXIS 1613, at *19-20 (denying entries for preparing and completing an interim fee application, reviewing related billing statements, filing the application and contacting the court concerning it, and preparing, serving, and filing related papers). The entry should likewise be disallowed or, alternatively, reduced to the amount affirmatively shown to represent reasonable and compensable professional work.

The second entry and the expense fail for a related reason: neither can be meaningfully tested. The $160.00 charge for "Review Pleadings and Court Order" identifies neither the pleadings nor the order, much less the purpose of the review, any resulting action, or any benefit to the estate. Neither the Court nor the Reorganized Debtor can determine whether the service was necessary, beneficial, or reasonable. The $62.88 expense is described only as "CSC - Service of SBN Fee Application" and has no underlying invoice, receipt, recipient count, rate calculation, or explanation of how the amount was determined. These are not technical omissions; they prevent review under section 330. The resulting uncertainty should not be resolved against the estate. The review entry should be disallowed, and the expense denied absent supporting documentation.

WHEREFORE, H5 Transport respectfully prays this Honorable Court (i) deny the Application without prejudice; or, alternatively, (ii) disallow the $160.00 review entry and the

2

unsupported $62.88 service expense; (iii) disallow the $320.00 fee-application entry or, alternatively, reduce it to the amount affirmatively shown to represent reasonable and compensable professional work; (iv) require any amended application to cure the deficiencies identified herein; and (v) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: July 29, 2026     By: /s/ Christianna A. Cathcart
              Christianna A. Cathcart, Esq.
              The Dakota Bankruptcy Firm
              1630 1st Avenue N
              Suite B PMB 24
              Fargo, North Dakota 58102-4246
              Phone: (701) 970-2770
              christianna@dakotabankruptcy.com
              *Counsel for the Reorganized Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart
Christianna A. Cathcart

3