**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re: | BKY No.:  25-30409 |
| | Chapter 11 |
| H5 Transport, LLC | |
| | |
| **Debtor.** | |

---

### RESPONSE TO DEBTOR'S OBJECTION TO SUBV TRUSTEE FEE APPLICATION

---

Steven B. Nosek, in his capacity as the Subchapter V Trustee, appointed in the above-referenced case ("Trustee"), submits this Response ("Response") to H5 Transport's Objection to Application, Doc. 152 filed on July 29, 2026 ("Objection"). This matter is scheduled for telephonic hearing on August 17, 2026 at 10:00 a.m., pursuant to Court Order dated July 30, 2026, Doc. 153.

Introductory Comments: The objection is to my fee application, Doc. 149 filed on July 8, 2026 ("July fee application") requesting court approval of my fees of $480.00 for services and $62.88 for expenses for a total of $542.88. First of all, if Debtor's counsel, Ms. Cathcart had an issue with my July fee application, she could have reached out to me via phone or email. She did neither. Instead, she filed an unfounded, unsupported and frivolous objection on July 29, 2026 at 18:29:38, or approximately 6:30 pm on the last day to file an objection.  Typically, if someone has an issue with or an objection to one of my fee applications, I will work with that person/party to resolve the dispute without requiring the Court to schedule a hearing. This case is different. The objections raised by Ms. Cathcart are frivolous and unfounded and frankly insulting. Query whether she consulted her client prior to filing the Objection. Query whether she intends to bill her client for the time it took her to prepare the Objection and participate in the hearing. Not a good way to wrap up a chapter 11 proceeding that has been pending since September 16, 2025 when the petition was filed. As a SubV Trustee, I strive to work with Debtor's counsel in a collegial manner, and not an adversarial manner.  As indicated in the United States' Trustee's Objections (Doc. 144) to the Fee application filed by Ms. Cathcart, Doc. 141, both the United States Trustee and I reviewed the initial plan filed by Ms. Cathcart and gave her multiple changes that she needed to make so that a plan would be confirmable. Ultimately she made the required changes and the revised plan was confirmed.

**The July Fee Application.** The July Fee Application consists of three entries as follows:

1

**Entry One:** 6/3/26 Prepare and file and serve SBN Fee Application. .80 hours ($400/hr.)        $320.00

**Entry Two:** 6/12/26 Review Pleadings and Court Order.              .40 ($400/hr.)        $160.00

**Entry Three:** 6/4/2026 CSC- Service of SBN Fee Application                        $62.88

      Total                                                    $542.88

**Trustee's Responses to the Objections.** It is noteworthy that Ms. Cathcart objected to each of the three entries.

**Objection to Entry One for $320.00.** The Objection states: "*The charge concerns the Trustee's own prior fee application and commingles professional drafting with filing and service. It allocates no time among those functions and charges the Trustee's full $400.00 hourly rate for all such work. The Court therefore cannot identify what portion, if any, reflects compensable professional work.*"

**Trustee's Response to Objection with respect to Entry One:** I do not bill time for the actual filing of the fee application which is done by my assistant. The mailing is done by BK Attorney Services dba Certificate of Service ("CSC"). This time entry is for professional time only. This same entry appears in my fee application filed on January 19, 2026, Doc. 91 at page 3, my fee application filed on April 8, 2026, Doc. 118 at page 3 and my fee application filed on June 4, 2026, Doc. 142 at page 3. If Ms. Cathcart had a problem with my fees for preparing my fee applications, why didn't she say something months ago? The objection is nothing but a frivolous trumped-up objection requiring me to respond. As I indicated earlier, this is a very negative way to wind up a chapter 11 case and is obviously very negative for me.

**Objection to Entry Two for $160.00.** The Objection states: "*The $160.00 charge for "Review Pleadings and Court Order" identifies neither pleadings nor the order, much less the purpose of the review, any resulting action, or any benefit to the estate. Neiter the Court nor the Reorganized Debtor can determine whether the service was necessary, beneficial, or reasonable.*"

**Trustee's Response to Objection with respect to Entry Two:** It is ironic that my time relating to this entry relates to my review of the United States Trustee's Objection to the fee application of Ms. Cathcart and her firm. The United States Trustee's Objection was filed on June 10, 2026, Doc. 144. My time entry also relates to the entry of the Order setting that matter on for hearing, Order dated June 11, 2026, Doc. 145 and Amended Order dated June 11, 2026, Doc. 146.

2

The objections raised by the United States Trustee were well founded and an agreement was ultimately reached where the fees for services were reduced from $42,120.00 to $35,078.83 (for a reduction of approximately $7,000.00).  See the stipulated Order entered on July 30, 2026, Doc. 147.

**Objection to Entry Three for $62.88.** The Objection states: "*The $62.88 expense is described only as "CSC-Service of SBN Fee Application" and has no underlying invoice, receipt, recipient count, rate calculation, or explanation of how the amount was determined. These are not technical omissions; they prevent review under section 330. The resulting uncertainty should not be resolved against the estate*"

**Trustee's Response to Objection with respect to Entry Three:** This entry refers to the mailing expense with respect to my previous fee application filed on June 4, 2026, Doc. 142.  The printing of the fee application and the service on the parties on the matrix was performed by CSC. The certificate of service with respect to the June 4, 2026 fee application was filed on June 4, 2026, Doc. 143.  Ms. Cathcart was served via ECF with a copy of this certificate of service. The certificate of service consists of a total of 5 pages and lists all parties served. Attached is a copy of the email from CSC with a breakdown of the cost for the mailing. The printing cost was $27.36 and the postage cost was $35.52 for a total of $62.88 for 48 mailings. The amount charged by CSC is the amount that I in turn include on my fee applications. The fee application is verified by me. Is Ms. Cathcart saying that I am lying?  Frankly it is insulting, particularly when her own fee application, Doc. 141 has many mailings with costs well in excess of the $62.88 charged by CSC. Of note, Ms. Cathcart's Exhibit A to her fee application, Doc. 141 does not list the number of entities included in her mailings, yet that is what she wants me to include in the body of my fee application.  Ms. Cathcart does not include copies of any invoices to her fee application. If Ms. Cathcart wanted to see the invoice, she could have asked me. She seems to think that I should include a copy of the invoice from CSC.  I have never done this in the past, and to my knowledge, fee applications do not need to include a copy of the invoices for the various expense items. I would also like to point out that I have included a similar amount for the mailing of my fee applications in the past. See my fee application filed on June 4, 2026, Doc. 142 at page 3 which lists an expense item of $66.88 for the CSC charge on 4/6/2026. If Ms. Cathcart had an issue with the CSC expense, why didn't she say something in June?  I would also like to point out that Ms. Cathcart's firm has charged over $1,600 for printing expense as per the fee application, Doc. 141-1.  The following is a summary of the printing expense, which well exceeds the postage expense

for the mailings.  Ms. Cathcart does not include a reference to the number of pages printed or the amount charged per page.  I include the chart below to point out to the Court how ironic and ridiculous it is that Ms. Cathcart is complaining about the amount charged to me by CSC for printing and postage of $62.88.

Printing Expense as set forth in Ms. Cathcart's fee application at Doc. 141-1

| Date | Printing cost | Doc. 141-1 at page |
|---|---|---|
| 9/18/25 | $13.30 | 1 |
| 9/26/25 | $437.19 | 3 |
| 10/17/25 | $448.40 | 5 |
| 10/27/25 | $15.58 | 6 |
| 12/10/25 | $28.50 | 8 |
| 12/24/25 | $28.50 | 9 |
| 12/24/25 | $5.70 | 9 |
| 12/24/25 | $11.40 | 10 |
| 12/24/25 | $17.86 | 10 |
| 12/24/25 | $10.84 | 10 |
| 12/24/25 | $199.50 | 10 |
| 12/24/25 | $11.40 | 11 |
| 1/8/26 | $18.24 | 11 |
| 1/27/26 | $17.86 | 12 |
| 3/4/26 | $17.86 | 13 |
| 3/19/26 | $359.48 | 14 |
| Total | $1641.61 | |

**Unpaid approved Fees owing to the SubV Trustee.**

I would like to point out to the Court that the Debtor has not paid me for the fees owing in the total amount of $2,026.88 as per Court Order dated July 7, 2026, Doc. 148. The last payment paid by the Debtor was paid to me almost two months ago on June 8, 2026 in the amount of $6,560.00 in payment of the fees approved pursuant to Court Order dated May 11, 2026, Doc. 137. In other words, it took about a month to get paid after the order was entered.  It has already been almost a month since the June 7, 2026 order approving my fees was entered.  I sent Ms. Cathcart an emails on July 7, 2026 and July 23, 2026 forwarding a copy of the June 7, 2026 order regarding

4

my fees of $2,026.88 and inquiring when these fees would be paid.  Ms. Cathcart responded via email on July 27, 2026 stating, "*Steve, I have reached out to Mr. Helgerson regarding the outstanding check and will let you know once I receive an update.*"  I have not received an update from Ms. Cathcart as to when the fees will be paid.

**Conclusion**

The Objection is obviously only intended to harass and delay.

I request that the Court overrule the spurious and unfounded Objection and enter a Court Order approving my fees.  I request that the Court Order that all fees owing to me be paid on or before 7 calendar days after the entry of the order approving my fees.  I am frankly concerned that the Debtor will not pay my fees, based on the unfounded Objection which appears to be nothing but an attempt to harass me for no reason. I would also like the Court to consider whether Ms. Cathcart should be sanctioned for her unfounded Objection and/or required to pay my fees for responding to her unfounded and unsupported Objection.  My time spent in responding to her unfounded Objection is three hours at $400.00 per hour, for a total of $1,200.00.

Thank you

**STEVEN B. NOSEK, P.A.**

Dated:  August 4, 2026.                    s/ Steven B. Nosek

Steven B. Nosek, Trustee
Attorney Bar No. 79960 (Minnesota)
10285 Yellow Circle Drive
Hopkins, MN 55343
(612) 335-9171
snosek@noseklawfirm.com

**VERIFICATION**

I, Steven B. Nosek, Trustee, named in the foregoing motion, declares under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on:  August 4, 2026.                    s/ Steven B. Nosek

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In Re:                                                                    BKY No.:  25-30409
                                                                                    **Chapter 11**

**H5 Transport, LLC**


                    **Debtor.**

---

**CERTIFICATE OF SERVICE**

---

I, Steven B. Nosek, declare under penalty of perjury that on August 4, 2026, the following parties were served a copy of **RESPONSE TO DEBTOR'S OBJECTION TO SUBV TRUSTEE FEE APPLICATION** by United States First Class Mail or ECF as indicated below:

| | |
|---|---|
| Debtor<br>H5 Transport, LLC<br>322 11th St. N.<br>Apt 9<br>Oakes. ND 58474<br>Via First Class Mail | Christianna A. Cathcart<br>Debtor's counsel via ECF |
| United States Trustee<br>Via ECF | Colin Kreuzinger,<br>Counsel for the UST, via ECF |
| John M Krings, Jr. on behalf of Creditor Starion Bank, via ECF | Caren Stanley on behalf of Creditor Valley Tire, LLC, via ECF |
| Maurice VerStandig<br>Debtor's counsel via ECF | Jared A Ullman on behalf of Creditor TBK Bank, SSB, via ECF |

**STEVEN B. NOSEK, P.A.**

Dated:  August 4, 2026.                              s/ Steven B. Nosek

                                                                Steven B. Nosek, Trustee
                                                                Attorney Bar No. 79960 (Minnesota)
                                                                10285 Yellow Circle Drive
                                                                Hopkins, MN 55343
                                                                (612) 335-9171
                                                                snosek@noseklawfirm.com

6

## Steven B. Nosek

| | |
|---|---|
| **From:** | Certificate of Service <donotreply@bkattorneyservices3.com> |
| **Sent:** | Thursday, June 4, 2026 9:25 AM |
| **To:** | Steven B. Nosek |
| **Subject:** | URGENT: MAILING COMPLETED | CERTIFICATE READY FOR YOU TO FILE | CASE NO: 25-30409 | NAME: H5 TRANSPORT, LLC |TRACKING NUMBER: 7332446340 |
| **Attachments:** | COS.pdf |

DO NOT REPLY TO THIS EMAIL.  THIS MAILBOX IS NOT MONITORED. ANY REPLY YOU MAKE WILL NOT BE RECEIVED.

YOU ARE RESPONSIBLE FOR FILING THE ATTACHED CERTIFICATE OF SERVICE WITH YOUR LOCAL COURT!

MAILING COMPLETED

---------------------------

CASE NO: 25-30409
 NAME:  H5 TRANSPORT, LLC
TRACKING NUMBER:  7332446340


INVOICE INFORMATION:

--------------------------------------------------------------------------------

TRACKING NUMBER:7332446340

THIS JOB WAS PROCESSED BY: Peyton Gonzalez Printing Subtotal:  $27.36
-  Credits Applied: $0.00
= Printing: $27.36
+ Postage: $35.52
+ Address List Processing: $.00
+ ECF Access: $.00
+ Miscellaneous: $.00
 = Total:    $ 62.88

Thank you for your business!

SPECIAL INSTRUCTIONS:


CLIENT BILLING CODE:


USE THE BELOW LINES IN YOUR FEE APPLICATION Printing Costs: 144 X .19 -  0 = 27.36

Postage Costs: 48 at the 1oz rate  = 35.52


POSTAGE BREAKDOWN:

------------------------------------------

DOMESTIC MAIL: 48 envelopes @ .74

1

INTERNATIONAL MAIL: 0 envelopes @ 1.7
CANADA MAIL: 0 envelopes @ 1.7
MEXICO MAIL: 0 envelopes @ 1.7
CERTIFIED MAIL: 0 envelopes @ 10.48
TOTAL NUMBER OF ENVELOPES PRINTED: 48

Thank you for using Certificate of Service.  Your business is important to us.  Please find the certificate of service attached hereto. You may now file this certificate on ECF/PACER. PLEASE TAKE NOTE: You are responsible for compliance with all local rules.
Our generic certificate may not satisfy your local rules in which case, you will need to create your own local rule compliance service document and attach our certificate as an exhibit.We apologize for any inconvenience.  If you would like us to work with your local Clerk or Judge, we will be happy to reach out to them.

If you have any questions, please do not hesitate to ask by calling or emailing us at:
helpdesk@certificateofservice.com

YOUR DOCUMENTS ARE NOW IN THE USPS MAILSTREAM.  THEY CANNOT BE PULLED BACK.

LINK TO YOUR CERTIFICATE ONLINE:
------------------------------------------------------------------------------------------------------------------------------------------------------------------------------
 Please follow the below link to download your certificate through your browser.

https://url.emailprotection.link/?bA074Ni4Gm0OIDJut1dxu8Eeus7mMpG1AW13fvIZoYXWXBUTXqoIOoWgihsoE6dWUM-Iz2285SOZmYHbIICz_yL_pR43QzKzu2gg2HIuKjmsWc48MXd-6G5CxzZtanlP-

Sincerely,

Peyton Gonzalez
CertificateofService.com
PO Box 4590
Pasco, WA 99302
509-412-1356

2